## IN RE WEBB.

*January 8 — February 5, 1895.*

*Criminal law and practice: Suspended execution of sentence: Subsequent enforcement.*

1. After sentence has been pronounced in a criminal case the court cannot, as a matter of leniency to the defendant, suspend indefinitely its execution.
2. A defendant was sentenced to pay a fine and the costs and to stand committed to jail until payment, the period of imprisonment being limited to six months; and the court directed that if the costs were paid at once the sentence of imprisonment be suspended until further order. The defendant paid the costs accordingly, but failed to pay the fine. *Held,* that an order, made more than six months later, that defendant pay the fine and stand committed to jail until payment in accordance with said sentence, was without authority.

HABEAS CORPUS. The writ was allowed by Mr. Justice CASSODAY. To the return of the sheriff the petitioner demurred. *Demurrer sustained and prisoner discharged.*

*T. L. Cleary,* for the petitioner: (1) After the expiration of a sentence the defendant cannot be imprisoned thereon unless there has been an appeal or some lawful stay of proceedings. *In re Crow,* 60 Wis. 349. (2) The court has no power to suspend sentence except on appeal, motion for new trial, or some statutory cause. *State v. Addy,* 39 Am. Rep. 547, and note; *Ex parte Lange,* 18 Wall. 163; *Comm. v. Foster,* 122 Mass. 317, 23 Am. Rep. 326; *State v. Gray,* 37 N. J. Law, 368; *Comm. v. Mayloy,* 57 Pa. St. 291; *Whitney v. State,* 6 Lea, 247; *Allen v. State,* Mart. & Y. 294; *Fults v. State,* 2 Sneed, 232; *People ex rel. Benton v. Court of Sessions,* 66 Hun, 550; *In re Strickler,* 51 Kan. 700; *In re Fuller,* 34 Neb. 581; *U. S. v. Wilson,* 46 Fed. Rep. 748; *Elsner v. Shirgley,* 80 Iowa, 30; *People v. Felker,* 61 Mich. 110; *People v. Kelley,* 79 id. 320; *People v. Blackburn,* 6

---

In re Webb.

---

Utah, 347; *U. S. v. Pile*, 130 U. S. 280; *People v. Meservey*, 76 Mich. 223; *In re Monroe*, 46 Fed. Rep. 52; *Clanton v. State*, 96 Ala. 111; *In re Newton*, 94 id. 431; *People v. Reilly*, 53 Mich. 260; *People v. Brown*, 54 id. 15.

For the state there was a brief by the *Attorney General* and *L. K. Luse*, Assistant Attorney General, and a separate brief by *E. M. Lowry*, district attorney of Grant county; and the cause was argued orally by *Mr. Lowry* and. *Mr. Luse*. They cited *State v. Grottkau*, 73 Wis. 589; *Reinex v. State*, 51 id. 152; *Hollon v. Hopkins*, 21 Kan. 646; *State v. Cockerham*, 2 Ired. Law, 204; *People ex rel. Forsyth v. Court of Sessions*, 141 N. Y. 288; *Gibson v. State*, 68 Miss. 241; *Ex parte Williams*, 26 Fla. 310; 1 Bishop, Cr. Proc. (1st ed.), § 880; Rapalje, Cr. Proc. § 384; *Allen v. State*, Mart. & Y. 294; *Fults v. State*, 2 Sneed, 232; *Philpot v. State*, 65 N. H.. 250.

PINNEY, J. The petitioner was convicted of the crime of adultery in the circuit court for Grant county, and on the 16th day of March, 1894, at the request of the attorneys for the state and for the defendant, he was sentenced to pay a fine of $200, and to pay the costs of the prosecution, taxed at $400, and stand committed to the common jail of the county until such fine and costs were paid, the period of imprisonment to be limited to six months; and, in case said costs were paid that day, the court directed "that the sentence of imprisonment be suspended until the further order of the court." The defendant paid the costs accordingly. At a succeeding term, October 12, 1894, the defendant being present in court with his counsel, the court made an order reciting the sentence; that the fine had not been paid; and "that there is good reason why further leniency should not be extended. to the defendant, but that he should be required to fully comply with said sentence or be committed to the common jail until said fine is paid;" ordering and adjudg-

In re Webb.

ing that the defendant " do forthwith pay said fine of $200, and that he stand committed to the common jail of the county until said fine is paid, the period of imprisonment being limited in accordance with said sentence to the period of six months." A commitment was issued accordingly, under which the defendant was confined in the county jail. These facts appearing by the return of the sheriff to the writ of *habeas corpus*, the petitioner demurred to the return.

No legal reason appears to have existed to warrant the court in suspending its sentence, in whole or in part, after it had been pronounced, if it be conceded the court had such power. The action of the court seems to have been founded on the joint request of the prosecution and of the defendant, and to have been granted as a matter of leniency to the defendant. While it may be said that the defendant is in no position to complain or take advantage of the clemency of the court, the question at issue is one of power, involving serious considerations of public policy respecting the administration of criminal justice. After the defendant had been convicted and the sentence of the law in legal and proper form had been pronounced against him, it is difficult to understand upon what principle the court could further interfere in the premises. The right of the court, for cause, within the exercise of a reasonable discretion, to postpone sentence or suspend sentence, as it is said, seems to be clear; but we think, both upon principle and authority, its right to suspend the execution of the sentence after it has been pronounced cannot be sustained, except as incident to a review of the case upon a writ of error, or upon other well-established legal grounds. After sentence given, the matter within these limits would seem to be wholly within the hands of the executive officers of the law. The sole power is vested in the governor " to grant reprieves, commutations, and pardons after conviction, for *all* offenses except treason and cases of impeachment, upon such conditions and with

such restrictions and limitations as he may think proper."
Const. art. V, sec. 6. And the action of the court in the
premises, after it had regularly pronounced the punishment
provided by law for the offense in question, is clearly ob-
noxious to the objection that it is an attempted exercise of
power, not judicial, but vested in the executive. When the
sentence was pronounced the defendant was in custody;
and it became *eo instanti* his duty to pay his fine, and, for
failure to do so, the term of his imprisonment at once be-
gan. It had fully expired before the order of October 12,
1894, was made, under which he has been committed and is
now held in confinement. The sentence had been in part
complied with, and the attempted withdrawal indefinitely
of the remainder was, we think, without legal warrant and
void.

In the case of *State v. Grottkau*, 73 Wis. 589, before exe-
cution of a sentence of imprisonment for one year a stay of
execution was granted pending a writ of error; and, after
affirmance of the judgment, it was held that the sentence
could be rightly enforced, although the year had in the
meantime expired. The stay was for a legal cause. *Reinex
v. State*, 51 Wis. 152. The case of *People ex rel. Forsyth v.
Court of Sessions*, 141 N. Y. 288, was not a case where exe-
cution of a sentence had been suspended, but where sentence
had been postponed; and the power of the court to delay
sentence in its discretion was sustained, and numerous au-
thorities were cited to support it. But the present case in-
volves different considerations. Here the execution of a
sentence already pronounced is *indefinitely* suspended, and
it may be the pleasure of the court never to direct execution,
so that the suspension has the practical effect of a pardon,
or of arrest of judgment indeterminate or final, without
the authority of law; and it has been likened to the incorpo-
ration into our criminal jurisprudence of the "Ticket of
Leave" system, without any of its safeguards, leaving the

convicted criminal subject to the mere option or caprice of the judge, who may direct the enforcement of the sentence after any lapse of time, however great, or withhold it, to the great detriment, it may be, of the interests of the public,— a power plainly liable to great abuse.

We think, therefore, that the circuit court had no authority to make the order of October 12, 1894. As already observed, the period of imprisonment, in contemplation of law, commenced March 16, 1894, when the defendant was in custody and failed to pay the fine imposed against him, and he could not be lawfully imprisoned after it had expired. The order of October 12, 1894, was not merely erroneous; in making it the court exceeded its jurisdiction.

The petitioner's demurrer to the respondent's return must be sustained, and he is entitled to be discharged from custody.

*By the Court.*— It is ordered accordingly.

As to the right to suspend sentence, see note to *People v. Cummings,* 14 L. R. A. 285, and to *People ex rel. Forsyth v. Court of Sessions,* 23 id. 856.— REP.

