STATE ex rel. CHARLES STARK v. THOMAS T. RILEY.[1]

January 7, 1910.

Nos. 16,490—(234).

**Submission of Charge to Grand Jury.**

Relator was arrested upon a warrant charging him with perjury, committed in giving testimony before the grand jury then in session, and he sued out a writ of habeas corpus for his discharge. It is *held*, that relator had no constitutional or other legal right to insist that the charge made against him be submitted to the grand jury in session at the time of his arrest.

**Habeas Corpus — What Is Reviewable.**

Errors and irregularities occurring in proceedings before committing mag-

[1]Reported in 124 N. W. 11.

istrates, not ousting the magistrate of jurisdiction, or rendering the proceedings void, cannot be reviewed upon habeas corpus.

**Sufficiency of Warrant.**

The warrant against relator sufficiently charges the crime of perjury.

Relator petitioned the district court for Itasca county for a writ of habeas corpus directed to Thomas T. Riley, as sheriff of that county. The writ was issued, and return to it having been made, respondent's motion that the writ be quashed and the relator remanded to the custody of the sheriff, was granted, Stanton, J. From the order granting the motion, relator appealed. Affirmed.

*Thwing & Rossman,* for appellant.

*Frank F. Price,* County Attorney, for respondent.

BROWN, J.

On November 3, 1909, relator was arrested under a warrant, duly issued, charging him with the crime of perjury, and taken before the examining magistrate, when, upon application of the county attorney, the hearing was adjourned until November 12 following, whereupon relator sued out a writ of habeas corpus to secure his discharge from custody, upon the ground that the warrant, and his arrest and detention thereunder, were illegal and in violation of his constitutional rights. After hearing before the district court upon the petition for the writ and respondent's return, the writ was discharged, and relator appealed.

It appears without dispute that at the time of the arrest of relator the district court of the county in which the crime charged against him was committed was in session, with a grand jury duly impaneled and engaged in the discharge of its duties. The crime charged against relator was perjury in giving his testimony the day preceding his arrest as a witness before the grand jury. It is contended by relator: (1) That the charge against him should have been presented to the grand jury then in session, and that a failure of the prosecuting officer to do so was a violation of relator's constitutional rights; (2) that the continuance of the hearing on the warrant until the twelfth day of November, over relator's objection, and

without any showing on the part of the county attorney, by affidavit or otherwise, that such continuance was necessary, was unauthorized, rendering relator's detention thereafter unlawful; and (3) that the charge of perjury as set forth in the warrant is insufficient, and fails to state a public offense.

1. We discover nothing in relator's argument to sustain the contention that the proceedings against him were, in any proper view, either unauthorized or illegal.

The crime charged against him was committed on the second day of November in giving testimony before the grand jury, and he was arrested upon a warrant issued by an examining magistrate on the day following. Relator had no legal right to have the charge considered or passed upon by the grand jury then in session. Though it might, properly enough, have been submitted to that body, if the county attorney was prepared with witnesses to present it, there is nothing in the record before us to sustain the view that he was so prepared. Nor is the situation in any way changed by the fact that relator resides a long distance from the county seat. Being accused of crime, he is entitled only to a speedy and orderly proceeding against him, but cannot insist that his convenience be consulted, or that the prosecution be commenced at any particular time, or before any particular officer, except, of course, he may insist that it be commenced within the time and in the manner prescribed by law. An unreasonable delay on the part of the prosecution might be sufficient ground for discharge on habeas corpus (21 Cyc. 304); but there was no such situation in the case at bar. The adjournment of the hearing for ten days was clearly not unreasonable.

2. It is urged that the adjournment of the hearing without some showing by the county attorney of necessity was erroneous, and entitled relator to his discharge. Whether the magistrate erred in this respect cannot be considered on this writ. It was, at most, an irregularity or error, which did not oust the court of jurisdiction, or render the proceedings void, and cannot be reviewed in this manner. 21 Cyc. 298; State v. Matter, 78 Minn. 377, 81 N. W. 9; State v. Sheriff, 24 Minn. 87; State v. McMahon, 69 Minn. 265, 72 N. W. 79, 38 L. R. A. 675.

3. The objection that the warrant fails to state a public offense is not well taken. It charges wilful and corrupt perjury in plain and concise language, and the details and facts in connection therewith are sufficiently set forth. This disposes of all questions necessary to be considered, and as the facts are not in dispute, and completely dispose of the case, it is unnecessary to reserve it for further evidence.

Order affirmed.