## STATE ex rel. ERNEST S. CARY v. DISTRICT COURT OF HENNEPIN COUNTY.[1]

April 22, 1910.

Nos. 16,513—(36).

**Contempt of Court.**

[Counsel's conduct constituted a contempt of court, and a sentence of thirty days in jail was affirmed.  Reporter.]

Writ of certiorari from this court upon the relation of Ernest S. Cary to review an order of the district court for Hennepin county, Holt, J., adjudging relator guilty of contempt and sentencing him to thirty days in the county jail.  Affirmed.

*Cary & Cary* and *A. M. Cary,* for relator.

*Al. J. Smith,* County Attorney; and *George W. Armstrong,* for respondent.

PER CURIAM.

Certiorari to review the order of the trial court adjudging the relator guilty of contempt of court.  During the trial of a criminal action in the case of State v. Parker, in which relator appeared as attorney for the defendant, the following proceedings took place while a juror was under examination as to his qualification:

Examined by Mr. Cary: Q. You say you do know Mr. Rees? A. Yes.  Q. Did you ever know anything good about him?

Mr. Armstrong: That is objected to, as immaterial, not right or proper.  Mr. Cary: I am right enough for you, you stiff.  The Court: Objection sustained.  Now, Mr. Cary, go on with your questions.

During the examination of another juror by relator, the following occurred: Q. Do you know anybody in the county attorney's office? A. No, sir.  Q. Do you know Mr. Armstrong?  A. No.  Mr. Cary: Mr. Voicestrong, I should say.

A jury was duly impaneled, and the state proceeded with the ex-

[1]Reported in 125 N. W. 1020.

amination of witnesses, during which relator continually made objections to questions, and motions to strike out answers. During the examination of the second witness, Tobiason, the same method of objections and motions was continued, until finally the court excused the jury, and said:

"Mr. Parker, have you any other lawyer that can take charge of your case now?" Mr. Parker: "No; your honor." The court then addressed the relator as follows:

"Mr. Cary, you may show cause now why you should not be punished for contempt for having persistently interrupted the proceedings here frivolously, making unprofessional remarks towards opposing counsel. * * * Have you anything to say?" Mr. Cary: "I have to say here that, if you want to appoint some other lawyer, you can appoint him. I am trying this case." The Court: "This court finds you guilty of contempt, and you are sentenced to the county jail for thirty days. I will give you a stay of thirty days to take an appeal, or such proceedings as you wish." Mr. Cary: "You sentence me to thirty days in the jail?" The Court: "Yes." Q. "You sentence me on the record, I suppose?" The Court: "Yes." Mr. Cary: "It is very kind of you, I suppose." The Court: "Just take every remark of counsel down." The Court: "Have the jury return, Mr. Officer."

The jury having returned into court, relator made the following statement: "Let the record show that the court found me in contempt and imposed a sentence on me of thirty days; that the court imposed upon me a sentence of thirty days in the county jail, and granted me a stay of thirty days—found me in contempt of court, imposed a sentence upon me of thirty days, and he has granted me a stay of thirty days, so that I may appeal from the order." The Court: "Let the record also show now that this is made in the presence of the jury, after the jury had been called in, and there was no occasion for it."

The statute defines direct contempts of court to be those which occur in the immediate view and presence of the court, and to consist of disorderly, contemptuous, or insolent behavior towards the judge while holding court, tending to interrupt the due course of a trial or other judicial proceedings, of constituting a breach of the peace, boisterous conduct, or violent disturbance tending to interrupt

the business of the court. While the insulting language used by relator with reference to the opposing counsel may not have been intended as a direct insult to the trial judge, yet the effect of such language was none the less a contempt of court within the meaning of the statute.

It is evident, from the course pursued by the relator during the entire examination of witnesses, that he persistently resorted to a frivolous method of objections and motions for the purpose of interrupting and delaying the trial. That the defense was conducted in an unprofessional and contemptuous manner is evident, from the statement made by relator when called upon to show cause why he should not be punished for contempt. He made no excuse or apology, but, on the contrary, assumed a defiant attitude, remarking that he was trying the case, and if the judge wanted to appoint some other lawyer he could do so. This was followed by the other statements above set out, which clearly indicate that it was relator's purpose to treat the court with contempt and to violate the well-recognized rules governing the profession in the conduct of trials.

We are unable to say that the penalty inflicted was not warranted by the facts, and the judgment is accordingly affirmed.