# STATE ex rel. ERNEST S. CARY v. OTTO S. LANGUM.[1]

## August 5, 1910.

### Nos. 16,737—(241).

**Contempt of court — habeas corpus.**

Errors or irregularities in a judgment or sentence for contempt of court, not going to the jurisdiction of the court, are not open to review on habeas corpus.

[1]Reported in 127 N. W. 465.

**Stay of criminal proceedings.**

> The trial courts of this state have, independent of statute, the power and authority to grant and order a stay of proceedings for a definite period after conviction in a criminal case, for the purpose of enabling the defendant to perfect an appeal, or to take such other proceedings as he may be advised necessary in the protection of his rights.

**Suspended sentence.**

> The distinction between such a stay and an indefinitely suspended sentence pointed out.

Relator, having been imprisoned by virtue of a warrant of commitment, which he claimed to be illegal and in contravention of R. L. 1905, § 4641, and of articles 5 and 8 of the federal constitution and of section 7 of article 1 of the state constitution, petitioned the district court for Hennepin county for a writ of habeas corpus directed to the sheriff of that county. From an order, Hale, J., discharging the writ, relator appealed. Writ discharged.

*James Cormican* and *P. A. Cosgrove,* for appellant.
*Al. J. Smith,* for respondent.

BROWN, J.

The relator was sentenced by the district court of Hennepin county to thirty days' imprisonment for contempt of court, and upon the issuance of a warrant of commitment sued out a writ of habeas corpus for his release and discharge on the ground that the judgment upon which the commitment was issued had expired, and was in any event void, and relator's detention thereunder unlawful. After a hearing in the court below, the writ was discharged, and relator appealed.

Relator contends: (1) That the judgment convicting him of contempt of court is void, for the reason that it does not comply with section 4641, R. L. 1905, in that the jurisdictional facts are not sufficiently recited therein. (2) That the term of imprisonment prescribed by the sentence commenced to run the day the judgment was entered, and that, since the period of imprisonment has long since expired, the relator cannot now lawfully be imprisoned thereunder;

hence he contends that his restraint is in contravention of both state and federal constitutions.

1. The first contention is without merit. If it be conceded that the judgment is not as full and complete as the statute referred to requires, yet the court below had jurisdiction of the subject-matter and of the relator, and the error of incompleteness in the judgment is not open to review on habeas corpus. If error or defect at all, it is available only by a direct proceeding. State v. Riley, 109 Minn. 434, 124 N. W. 11; 21 Cyc. 298. And, moreover, the judgment was, on certiorari sued out by relator, reviewed by this court and affirmed. State v. District Court of Hennepin County, 110 Minn. 446, 125 N. W. 1020. The judgment is therefore conclusive, and not subject to further attack.

2. The second question deserves special mention, though it must be answered adversely to relator's contention. The contempt of which relator was adjudged guilty was committed in open court and during the trial of an action then pending before the court in which relator was engaged as counsel. The judgment of conviction, entered at the time, October 22, 1907, was in the following language: "This court finds you guilty of contempt, and you are sentenced to the county jail for thirty days. I will give you a stay of thirty days to take an appeal, or such proceedings as you wish." The stay of proceedings was subsequently extended from time to time, pending which relator brought the sentence to this court for review, where it was affirmed. Thereafter, and upon filing the remittitur in the court below, which was long after the expiration of thirty days from the date of the sentence, the commitment complained of was issued.

The point made by relator is that when a judgment of imprisonment is imposed, and the same is not stayed as expressly authorized by law, and the court makes an order which postpones the operation thereof, discharging defendant from custody, it has no power or jurisdiction, after the time fixed by the judgment as the term of imprisonment, to issue a commitment and thereunder cause the defendant to be taken into custody. This position is sustained by the general rule that where not otherwise expressly provided by statute, or the sentence or judgment of the court, the date for the commencement of

the term of imprisonment is that on which the sentence or judgment is pronounced.

The rule is enforced strictly by some of the authorities. In re Markuson, 5 N. D. 180, 64 N. W. 939; State v. Murphy, 23 Nev. 390, 48 Pac. 628. In the first case the relator was sentenced to ninety days' imprisonment for contempt of court "commencing today." At the time of pronouncing the sentence, the court made a further order staying all proceedings for thirty days to facilitate an appeal, and providing that in case an appeal was taken the term of imprisonment should commence on the date of filing the remittitur from the appellate court. An appeal was taken, the sentence affirmed, and upon the remanding of the cause, which was subsequent to the expiration of the term of the sentence, commitment was duly issued for the apprehension of the accused. On habeas corpus, the court held that the term of imprisonment had expired, and relator was discharged; the basis of the decision being that the stay of proceedings ordered by the court to facilitate an appeal was unauthorized and void, and under the general rule that the term of imprisonment commenced to run when the sentence is pronounced, and had expired before the commitment issued, that the court issuing the commitment had no further jurisdiction. Substantially the same rule was applied in the second case above cited, but they are the only authorities to which our attention has been called where relator's contention on facts like these at bar has been sustained.

The other authorities cited by him are not in point. In re Strickler, 51 Kan. 700, 33 Pac. 620; Tuttle v. Lang, 100 Me. 123, 60 Atl. 892; State v. Voss, 80 Iowa, 467, 45 N. W. 898, 8 L.R.A. 767; In re Webb, 89 Wis. 354, 62 N. W. 177, 27 L. R. A. 356, 46 Am. St. 846, and Ex parte Clendenning, 22 Okla. 108, 97 Pac. 650, 19 L.R.A.(N.S.) 1041, are all cases where there was a suspension of the sentence for an indefinite period, or "during the good behavior" of defendant, and it was held that the court had no power or jurisdiction to so order.

There is a marked distinction between an order staying proceedings after sentence, to enable the convicted party to perfect an appeal, and an order suspending sentence for no definite purpose

other than to vest in the court subsequent disciplinary supervision over the conduct of the condemned party for an indefinite period. It might, in a given case, be an act of mercy to suspend the sentence of imprisonment, or dispense with it altogether; but prerogatives of mercy are for the pardoning power, and not for the courts. In particular instances the power to hold a suspended judgment in a criminal case over the head of the convicted party might lead to abuses of various sorts, and reflect seriously upon the administration of justice. However, the courts of last resort in several of the states sustain this power. Note to Ex parte Clendenning, supra; In re Collins, 8 Cal. App. 367, 97 Pac. 188; Mann v. People, 16 Colo. App. 475, 66 Pac. 452; Allen v. State, Mart. & Y. (Tenn.) 294; Fults v. State, 2 Sneed (Tenn.) 232; Sylvester v. State, 65 N. H. 193, 20 Atl. 954; State v. Hatley, 110 N. C. 522, 14 S. E. 751; People v. Court of Sessions, 141 N. Y. 288, 36 N. E. 386, 23 L.R.A. 856; Weber v. State, 58 Ohio St. 616, 51 N. E. 116, 41 L.R.A. 472; 25 Am. & Eng. Enc. (2d Ed.) 313.

We do not decide the question. It is not before us. As already suggested, there is a marked distinction between an indefinitely suspended sentence and a stay of proceedings for a reasonable time to facilitate an appeal, and the question in the case at bar narrows down to the inquiry whether the trial courts of this state have the power, irrespective of statute, to grant a reasonable stay of proceedings for that purpose. We are unable to adopt the view of the North Dakota and Nevada courts that such power does not exist, except as expressly given by statute. Our statutes provide a manner in which a person convicted of crime may obtain a stay of proceedings as a matter of right; but this does not exclude the inherent power in the court to grant the same whenever in its discretion it is deemed proper. This the authorities generally sustain, remarking, in some instances, that it should be exercised with caution. State v. Vaughan, 71 Conn. 457, 42 Atl. 640; 20 Enc. Pl. & Pr. 1252, 1263, and cases there cited. We affirm the rule that the trial court has the inherent power, in its discretion, to grant a stay of proceedings for a definite time after conviction to enable defendant

to perfect an appeal, or to take such other proceedings as he may be advised are necessary or proper in the protection of his rights.

It does not appear in the case at bar whether relator requested a stay of proceedings at the time of the sentence or subsequently; but this is not important. During the continuance of the stay he took advantage thereof, and brought his case to this court for review. Nor are we to be understood as holding that the court may, of its own motion, force upon a defendant in such case a stay of proceedings, nor in the form of a stay of proceedings in effect indefinitely suspend its judgment of conviction.

It follows that the court had jurisdiction to issue the commitment, and that the order appealed from must be, and it is, affirmed, the writ of habeas corpus discharged, and the relator remanded to the custody of respondent.

It is so ordered.