8]    .    JANUARY TERM, 1913.    203

State ex rel. Kassner v. Momsen, 153 Wis. 203.

STATE EX REL. KASSNER, Plaintiff in error, vs. MOMSEN, Inspector, Defendant in error.

*March 13—April 8, 1913.*

*Milwaukee district court: Appeal in criminal cases: Notice, how "given:" Stay of execution: When term of imprisonment begins: Habeas corpus.*

1. Notice of appeal in a criminal case is "given" to the judge of the district court of Milwaukee county within the meaning of sec. 4761, Stats., by filing such notice with the clerk and calling the attention of the court to such filing by motion for a *supersedeas* and presenting a recognizance on appeal for his approval or allowance.

2. A statute giving a convicted person ten days in which to appeal and permitting a *supersedeas* on such appeal if a bond is filed and approved by the judge, gives the judge power to grant a stay of execution upon application of such person to enable him to appeal.

3. The term of imprisonment of a convicted person does not commence before the day on which such a stay of execution expires. A *dictum* in *In re Crow*, 60 Wis. 349, to the effect that the day of sentence is the first day of the term, limited.

4. Where, after the giving of notice of appeal, an attempt is made to give a recognizance and a motion is also made to dismiss the appeal, the judge of the district court may, by virtue of the power inherent in courts of record, delay the execution of sentence until such matters are determined; and the term of imprisonment will not be held to have begun while execution is so delayed.

5. No delay of commitment secured by legal strategy will be considered a substitute for personal presence in jail, and there is no fiction of law by force of which one can be at the same time in jail and at liberty.

6. Error in dismissing the appeal of a convicted person is not available on writ of *habeas corpus.*

ERROR to review a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

*William Kaumheimer,* attorney, and *Edward T. Fairchild,* of counsel, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, Edward Yockey,* district attorney, and *Henry S. Sloan,* assistant district attorney; a supplemental brief by the *Attorney General* and *W. W. Gilman,* assistant attorney general; and oral argument by *Mr. Sloan* and *Mr. Gilman.* They cited, among other authorities, Wharton, Crim. Pl. & Pr. (9th ed.) § 925*a; In re Dolan,* 101 Mass. 219; *Miller v. Evans,* 115 Iowa, 101, 88 N. W. 198, 56 L. R. A. 101, 103; *Dimmick v. Tompkins,* 194 U. S. 540, 24 Sup. Ct. 780; *People v. Patrick,* 118 Cal. 332, 50 Pac. 425; *In re Collins,* 8 Cal. App. 367, 97 Pac. 188; *Fuller v. State* (Miss.) 57 South. 6; *Ex parte Bell,* 56 Miss. 282; *Ex parte Bugg* (Mo. App.) 145 S. W. 831; *Neal v. State,* 104 Ga. 509, 30 S. E. 858, 42 L. R. A. 190; *O'Dwyer v. Kelly,* 133 Ga. 824, 67 S. E. 106; *Ex parte Moore,* 12 Cal. App. 161, 107 Pac. 129; *State v. Cockerham,* 24 N. C. 204; *State v. Abbott* (S. C.) 70 S. E. 6; *Ex parte Eldridge,* 3 Okla. Crim. 499, 106 Pac. 980; *Ex parte Riggert* (Okla.) 125 Pac. 485; *Ex parte Branch,* 37 Tex. Crim. 318, 39 S. W. 932; *State ex rel. Buckley v. Drew,* 75 N. H. 402, 74 Atl. 875; *Ex parte Hinson,* 156 N. C. 250, 72 S. E. 310; *Daniel v. Persons,* 137 Ga. 826, 74 S. E. 260; *Ex parte Alexander,* 5 Okla. Crim. 196, 113 Pac. 993; *State v. Horne,* 52 Fla. 125, 42 South. 388; *Tanner v. Wiggins,* 54 Fla. 203, 45 South. 459; *Ragland v. State,* 55 Fla. 157, 46 South. 724; *Morris v. U. S.* 185 Fed. 73; *U. S. v. Pile,* 130 U. S. 280, 29 Sup. Ct. 523.

Timlin, J.    After a hearing on *habeas corpus* proceeding before the circuit court the plaintiff in error was remanded to the custody of the defendant in error, inspector of the house of correction for Milwaukee county, and the former brings before us said remand for review.

The plaintiff in error was convicted in the district court of Milwaukee county on May 21, 1912, and sentenced to be imprisoned in the house of correction at hard labor for a term

of thirty days, and in addition thereto to pay a fine of $50 and costs of prosecution. On that day he applied for and obtained a stay of proceedings until May 25th following. On the date last mentioned he filed a notice of appeal with the clerk of said district court. On June 6, 1912, after a motion to dismiss his appeal for want of service upon the judge had been filed in the municipal court, the plaintiff in error filed an undertaking to stay proceedings upon the attempted appeal, which undertaking was not approved. On June 13th the appeal was dismissed on said motion and a commitment issued and the plaintiff in error taken thereon to the house of correction, having theretofore paid the fine and costs. On June 20th he demanded his release upon the theory that his term of imprisonment commenced when sentence was pronounced and not when the commitment was issued and executed, and therefore the term had expired. Failing to obtain such release he sued out a writ of *habeas corpus,* and upon return thereto showing the facts aforesaid the circuit court made the remand complained of. A stay was obtained and the proceeding brought to this court on writ of error.

Plaintiff in error relies upon the case of *In re Crow,* 60 Wis. 349, 19 N. W. 713. In that case Crow was sentenced by the circuit court, on four several convictions for misdemeanors, to pay fines and costs, and if not paid forthwith to be imprisoned in the county jail for several successive terms aggregating seventy days. On the same day the clerk issued and delivered to the sheriff four certificates of conviction and sentence, but the sheriff at the request of Crow did not take him into custody thereon or attempt to commit him until March 10, 1884, when he arrested Crow and held him in custody in the county jail by virtue of said certificates. Crow then prosecuted *habeas corpus* proceedings before a court commissioner and was discharged. After the discharge the circuit court made an order directing the clerk to issue other certificates of conviction pursuant to the original sentence and

directing the sheriff to forthwith take Crow into custody and confine him until the fines and costs were paid or until the period limited for his confinement had expired. Crow brought a second *habeas corpus*. It was held that Crow's discharge upon the first writ of *habeas corpus* was conclusive, because for all that appeared Crow had served his full term and had been unlawfully imprisoned after the full term of the sentence had expired, and that the adjudication by the court commissioner on the first writ of *habeas corpus* was conclusive that such was the case. After having disposed of the case on this ground it was also said, although the court expressly disclaimed any right to decide it, that when a prisoner is sentenced to imprisonment the day of the sentence is the first day of the term, and that he is in legal contemplation from that time in a different custody from that of the court. The *dictum* is too broadly stated. In *Cowles v. Neillsville*, 137 Wis. 384, 119 N. W. 91, the distinction between appeals in civil and those in criminal cases from justice court is noticed. Sec. 4761, Stats. (1898), as amended by ch. 159, Laws of 1907, does not require the notice of appeal in a criminal case to be "served" upon any person. It is to be "given" to the justice or judge of the district court. The district court is a court of record, with a seal and a clerk. Notice of appeal is given to the judge thereof by filing such notice with the clerk and calling the attention of the court to this filing by motion for a *supersedeas* and presenting a recognizance on appeal for his approval or allowance. Ch. 72, Laws of 1907, extends the time for appeal from judgments of the district court to ten days, all the other provisions of law relating to appeals from justices of the peace to apply. The statute does not say that the district court shall have only the jurisdiction of a justice's court. Jurisdiction of the district court is conferred by sec. 5 of ch. 218, Laws of 1899, amended by chs. 70 and 124, Laws of 1901, ch. 388, Laws of 1903, and ch. 63, Laws of 1905. The statute gives the convicted person ten days in

which to appeal and permits *supersedeas* on said appeal if a
bond is filed and approved by the judge.   Sec. 4714, Stats.
(1898).   It therefore carries with it power to the judge to
grant a stay on application of the accused for the purpose of
permitting such appeal.   This power no doubt must be cau-
tiously and sparingly exercised, but it cannot be that the stat-
ute meant to give a convicted person ten days in which to ap-
peal and yet the district court be disabled from granting any
stay of proceedings for this period.   *In re Webb,* 89 Wis.
354, 62 N. W. 177, cited by plaintiff in error, is rather
against him.   It is there expressly recognized that the right
to suspend sentence can be exercised as incident to a review
of the case by a higher court.   See, also, *State v. Grottkau,* 73
Wis. 589, 41 N. W. 80, 1063; *State ex rel. Cary v. Langum,*
112 Minn. 121, 127 N. W. 465; *Neal v. State,* 104 Ga. 509,
30 S. E. 858, 42 L. R. A. 190.   *In re Crow, supra,* must be
limited accordingly.

It is unnecessary to here decide whether or not the appeal
was legally dismissed.   The error in dismissing the appeal,
if any error there was, is not available in this proceeding.   A
writ of *habeas corpus* is not a writ of error.   *Kassner* had ten
days in which to give his notice of appeal, and had he given
a recognizance on the appeal which was approved by the dis-
trict judge the appeal would have been effectual to continue
the temporary stay upon review of the case.   Sec. 4714.
The court having granted a stay until May 25th for the pur-
pose of enabling the convicted person to appeal, the time of
his imprisonment could not in any event commence before the
day on which this stay expired nor end in less than thirty
days from that time.   This writ of *habeas corpus* was issued
June 20th of the same year, consequently the relator was
properly remanded in any event.   By no permissible mode of
computation had his sentence expired on June 20th.   But
under the circumstances of this case, viz. the attempt to recog-
nize and the pendency of the motion to dismiss the appeal,

the court was authorized to delay the execution of relator's sentence until June 13th by virtue of the power inherent in courts of record, and relator's term then begins. We might also add that no delay of commitment secured by legal strategy, however brilliant, intricate, or attenuated, will be considered a substitute for personal presence in the jail, and there is no "fiction of law" by force of which one can be at the same time in jail and at liberty.

*By the Court.*—Judgment affirmed.