## STATE EX REL. WALTER GILBERT v. W. S. CARVER.[1]

### June 6, 1919.

### No. 21,456.

**Habeas corpus — justice of the peace — failure to impanel a jury.**

Where, as in this state, a trial by jury in a prosecution for a misdemeanor, may be waived, a failure on the part of the justice to impanel a jury upon a plea of not guilty being entered, is a mere error not affecting the jurisdiction, and does not entitle the prisoner to be discharged on habeas corpus.

Relator was tried in justice court of the city of Fairmont, charged with the crime of drunkenness, found guilty as charged and committed to the county jail for 60 days. After 30 days he petitioned the district court for Martin county for a writ of habeas corpus directed to W. S. Carver, sheriff, and the writ was granted by the court commissioner. On the return day the petition was denied and the prisoner remanded to custody of the sheriff. From the order denying the petition and remanding the prisoner, defendant appealed. Affirmed.

*Albert R. Allen,* for relator.

*Paul C. Cooper,* County Attorney, for respondent.

PER CURIAM.

The relator was arrested upon a warrant charging him with the crime of drunkenness, and on the following day was taken before the justice for arraignment. The charge as contained in the warrant was then read to him and he entered a plea of not guilty, and at the same time stated to the court that he was ready for trial and that he did not want a lawyer. The witnesses, both upon behalf of the prosecution and of the defendant,

[1]Reported in 172 N. W. 771.

were called, sworn and gave testimony. After considering the evidence the court found and adjudged the defendant to be guilty of the crime as charged and that he be committed to the common jail of the county for the term of 60 days, and issued a mittimus in due form in accordance therewith. The relator was then committed to the common jail of the county. On the sixth day of May appellant sued out a writ of habeas corpus to secure his discharge from custody, upon the ground that the commitment and his detention thereunder were illegal and void and that he was committed without his constitutional right to a trial by jury. The return of the respondent was that he detained the relator by virtue of the mittimus. After a hearing before the court commissioner upon the petition for the writ and respondent's return, the writ was discharged and the relator appealed.

It is not contended but that the justice had jurisdiction at the commencement of the action. The contention of the relator is that it was the duty of the justice to impanel a jury after the plea was entered, for the purpose of the trial of the accused, and that his failure so to do amounted to a denial to him of the right to trial by jury and that the court lost jurisdiction thereby. With this contention we are unable to agree. The failure on the part of a justice of the peace to impanel a jury to try a misdemeanor does not oust the court of jurisdiction, but at most renders the judgment erroneous, which question cannot be raised on habeas corpus. 1 Dunnell, Minn. Dig. § 4129.

It is well settled that, where trial by jury may be waived, the denial of a jury trial is a mere error not affecting the jurisdiction and does not entitle the prisoner to be discharged on habeas corpus. 21 Cyc. 305, § 12, and cases cited; State v. Woodling, 53 Minn. 142, 54 N. W. 1068. See also 21 Cyc. 298; State v. Riley, 109 Minn. 434, 124 N. W. 11; State v. Kinmore, 54 Minn. 135, 55 N. W. 830, 40 Am. St. 305. The order appealed from is affirmed.