STATE EX REL. OSHKOSH TRUNK COMPANY, Respondent,
vs. GOERLITZ and others, Appellants.

*October 19—November 16, 1920.*

*Injunction: Disobeyance: Conviction for contempt: Nonappealable
order.*

1. A criminal contempt is an offense against the authority and
   dignity of the court, and the offense is public although com-
   mitted in the course of private litigation.
2. No appeal lies from an order finding the defendants guilty of
   contempt and fixing punishment, and there is no authority in
   the court to stay proceedings and sentence.

APPEAL from orders of the circuit court for Winnebago
county: GEO. W. BURNELL, Circuit Judge. *Dismissed.*

The subject matter of this action is a controversy between
the *Oshkosh Trunk Company*, an employer, and certain of
its employees. Upon the verified complaint and supporting
affidavits, certain of the defendants and others confederating
with them were required to show cause why an injunction
should not issue restraining them from doing certain things.
The injunction was issued August 10, 1920, and was modi-
fied August 23, 1920. Subsequently there was an order
to show cause why certain of the defendants should not
be punished for criminal contempt by reason of the violation
of the order entered August 10, 1920, as modified by the
court on August 23d. Upon this hearing the court adjudged
each of the defendants guilty of wilfully and deliberately
violating the injunctional order and sentenced each of them
to serve thirty days in the county jail, their sentences to
begin at noon of the day each was sentenced. On
behalf of one of the defendants there was, at the time
of sentence, a motion for a stay of execution and a motion
that the court fix bail, both of which motions were denied
by the court. The same motions were subsequently made
on behalf of the other defendants and were denied. On
the 28th day of August a notice of appeal from the orders

adjudging the defendants guilty of contempt of court and ordering them confined in jail was served, the notice being filed September 6th. The sentence of the defendants *Goerlitz* and *Gordon* began August 27th, and that of the other defendants August 28th. On September 4th the court, by an order made *ex parte,* stayed the proceedings pending the determination of the defendants' appeal to this court and discharged the defendants from jail. On September 17th the defendants served and filed an undertaking on appeal.

For the respondent there was a brief by *Williams & Williams* of Oshkosh, and oral argument by *George E. Williams.*

[No appearance for appellants.]

ROSENBERRY, J.    In this court the plaintiff and respondent moves that the appeal be dismissed, for the reason that no appeal lies under our statute from an order adjudging a party guilty of a criminal contempt. A criminal contempt is an offense against the authority and dignity of the court and therefore raises an issue with the court as the representative of organized society, and while such offenses may be committed in the course of private litigation the offense is none the less public in its nature. The question is, May a party disregard commands laid upon him by organized society acting through the courts, relying for justification upon his own judgment and in disregard of the established forms of law? A statement of this question is a sufficient answer to it. When courts are no longer obeyed, or their decrees are not enforced or may be set aside by individual action, then organized society will cease to exist, and each citizen must become the guardian of those entitled to his protection and the protector of their right to life, liberty, and the pursuit of happiness. In other words, society will revert to the primitive order. The power of the courts must be maintained if representative government is not to

fail. The order finding the defendants guilty of criminal contempt and fixing punishment was not appealable. *In re Murphey,* 39 Wis. 286; *State v. Mushied,* 12 Wis. 561; *Williamstown v. Darge,* 71 Wis. 643, 38 N. W. 187. Neither was there power or authority in the court to stay proceedings and sentence. *In re Webb,* 89 Wis. 354, 62 N. W. 177.

The seriousness of this situation, involving as it does the authority and dignity of the court, does not seem to have been appreciated. Its importance is not to be measured by the nature of the controversy between the parties. When the authority and the power of the court is brought in question there is no room for compromise, and the law should be upheld with firmness, courage, and dignity.

We are asked to consider some questions arising upon the merits. The order not being appealable, we have no jurisdiction here to do anything but dismiss the appeal.

*By the Court.*—Appeal dismissed.