# August Term, 1922.

---

## APPLICATION OF McDONALD.

*September 12—September 15, 1922.*

*Criminal law: Concurrent and cumulative sentences: Offense committed during parole: Expiration of term of imprisonment.*

1. A court may, after the conviction of a defendant of several offenses, direct that the imprisonment imposed for one offense shall commence at the expiration of the term fixed for another offense, thus in effect recognizing the power of the court to provide that the term may begin at a future date.
2. Where defendant was imprisoned for a term of twelve years in 1908, released on parole in July, 1915, and in November, 1915, sentenced for a period of twelve years for another offense (which, giving credit for a commutation for good conduct, expired February 28, 1920), the sentences ran concurrently and cannot be made cumulative by an administrative body such as the state board of control. The defendant was therefore discharged on *habeas corpus* proceedings.

ORIGINAL APPLICATION in this court for a writ of *habeas corpus. Writ granted.*

November 5, 1908, the petitioner *Elmer McDonald, alias Robert E. Borton,* was duly convicted in the municipal court of Milwaukee county of the charge of assault with intent to rob, and sentenced to and then commenced to serve a term of twelve years in the Wisconsin state prison at Waupun.

July 21, 1915, the state board of control duly released the said petitioner upon parole.

On November 30, 1915, he was convicted in the same municipal court for the offense of burglary and then sentenced for a term of twelve years then commencing in the Wisconsin state prison.

On October 1, 1918, such second sentence was, by the governor, duly commuted to a term of six years.

It is conceded that on February 28, 1920, his second sentence, commuted as above stated, and taking into consideration the credit he was entitled to and allowed under the statute for good behavior, terminated.

On November 5, 1920, the full period of the twelve years under the first sentence of November 5, 1908, terminated. He was, however, still detained in confinement in said prison after said date.

On August 3, 1922, petition was made on his behalf for a writ of *habeas corpus* and upon hearing had it was ordered that the writ should issue, and in response thereto the petitioner was produced in court by the warden of the state prison at the time fixed in the said writ for the return thereto on September 12, 1922, and then and there ordered discharged.

. For the petitioner there was a brief by *Arthur H. Bartelt* and *Thomas Leahy,* both of Milwaukee, and oral argument by *Mr. Bartelt.*

The following opinion was filed October 10, 1922:

Eschweiler, J.   Upon the hearing of this matter the assistant attorney general, appearing on behalf of the warden, very frankly conceded that there was no warrant in law for the continued confinement of said petitioner in the state prison and for that reason no formal return was made or objection interposed to the granting of the petitioner's prayer for his discharge.

It has been requested, however, and it is deemed advisable, that the situation presented under the record should be discussed.

Apparently the theory upon which the petitioner was detained in confinement subsequent to the period when, under the full letter of the first sentence, his term had expired, was that, he having violated the terms and conditions of the parole granted to him in July, 1915, the further running of such first sentence should be deemed suspended during the period that he was under confinement by virtue of his second conviction in November, 1915, and that he then could, after the expiration of the second term which commenced upon his conviction in November, 1915, be compelled to still serve such portion of his first sentence as remained unserved at the time of such second conviction. In other words, that his first sentence was in effect suspended during the period of his service under the second sentence and could then be revived and tacked on at the expiration of such second sentence.

It was early declared in this state that a court may, upon conviction of a defendant at one time of several distinct offenses, direct that the term of imprisonment fixed as a penalty for one of such offenses shall commence at the expiration of the term fixed as the penalty for the conviction at the same time of another offense. *Petition of McCormick*, 24 Wis. 492; 16 Corp. Jur. 1370; note in 7 L. R. A. N. S. 124; 8 Ruling Case Law, 240.

This was in effect recognizing the power of the court, in passing sentence at one time for more than one offense, to provide that the term of sentence for one of such offenses may begin at some day in the future instead as of the day of sentence. *State v. Grottkau,* 73 Wis. 589, 592, 41 N. W. 80, 1063.

Such declared power of the court as expressed in the cases above cited received legislative approval in the revision of sec. 4733, Stats., as proposed by the revisors in 1898, there being then added to sec. 4733 as it had been found in the revision of 1878 the following words, still found in said section, namely: "Provided, that when any person is con-

victed of more than one offense at the same time the court may impose as many sentences of imprisonment as the defendant has been convicted of offenses, each term of imprisonment to commence at the expiration of that first imposed, whether that be shortened by good conduct or not." But of course the situation here presented does not come within such rule declared in the decisions or by statute.

In the Revised Statutes of 1878 sec. 4733 read as follows:

"The sentence of any convict to imprisonment in the state prison shall be for a certain term of time, to commence at twelve o'clock, noon, on the day of such sentence; but any time which may elapse after such sentence, while such convict is confined in the county jail, or while he is at large on bail, or while his case is pending in the supreme court upon writ of error or otherwise, shall not be computed as any part of the term of such sentence."

Then by ch. 390 of the Laws of 1889 there was undertaken what would have effected a very substantial change by amending said sec. 4733 so as to embody the so-called indeterminate sentence plan, by providing that punishment in certain cases should be for a general term not less than one year and not exceeding the maximum term prescribed by the statute fixing the penalty for such offenses, and in effect placing the regulation of the period of confinement under such general sentences with the state board of control. The last sentence of such ch. 390 read as follows:

"And any prisoner at large upon parole or conditional release, committing another crime, and upon conviction thereof being sentenced anew to the state prison shall be subject to serve the second sentence after the first sentence is served or annulled, to commence from the date of the termination of his liabilities upon the first or former sentence."

No questions appear to have been heretofore presented to this court upon this quoted provision in ch. 390, *supra,* under which, if it were still in force, warrant might have been afforded for the detaining of the petitioner in this case

as was done.   The other features of the so-called indeter-
minate sentence law were questioned in several cases (*In
re Pikulik*, 81 Wis. 158, 51 N. W. 261, decided in 1892),
but, as there suggested, the validity of such chapter, not
then being properly presented by *habeas corpus,* was not
determined.   It was again spoken of, and in a manner indi-
cating serious doubts as to its validity, in another *habeas
corpus* proceeding (*In re Schuster*, 82 Wis. 610, 52 N. W.
757) decided the same year.

In this situation the revisors of the statutes in 1898
recommended, and their recommendation was adopted, to
wipe out all the changes made by said ch. 390 of the Laws
of 1889 and that the statute should again stand as it stood
in the revision of 1878, only adding thereto a provision as
to terms to commence in the future as found in the clause
quoted first above.   As so changed in 1898, sec. 4733,
Stats., has remained substantially the same until the present
time with only the addition by ch. 75 of the Laws of 1901
to provide, in effect, that the period during which a prisoner
may remain absent from prison by reason of his escape
therefrom shall be not considered a part of his term.

Under the record here the sentence of November 5, 1908,
by the very terms of the judicial sentence itself and by the
provisions of sec. 4733, Stats., commenced to run on the day
that such sentence was pronounced.   The same is true as to
the sentence of November 30, 1915, for the second offense.
*In re Webb,* 89 Wis. 354, 62 N. W. 177; *State ex rel. Kass-
ner v. Momsen,* 153 Wis. 203, 207, 140 N. W. 1117; *State
ex rel. Oshkosh Trunk Co. v. Goerlitz,* 172 Wis. 581, 583,
179 N. W. 812.

From November 30, 1915, therefore, the two sentences
were concurrent and not cumulative; for, in the absence of
a statute to the contrary, or judicial declaration in the sen-
tence imposed, where there is a present sentence for another
offense of one then actually or constructively serving a
former sentence, the two sentences run concurrently.   16

Corp. Jur. 1374; 8 Ruling Case Law, 242. That they cannot be made cumulative by an administrative body such as is a board of control, was succinctly stated in the case of *People ex rel. Newton v. Twombly,* 228 N. Y. 33, 35, 126 N. E. 255.

We are unable, therefore, to find any statutory or other authority which would warrant the board of control or the prison authorities keeping the petitioner in confinement after the date at which, according to law, the latest of such sentences as to the period of confinement thereunder had expired. There being no question but that under any construction to be given either of his sentences the full period of the confinement under them had expired prior to these proceedings, he was therefore clearly entitled to be released as was heretofore directed.

*By the Court.*—The petitioner's prayer for relief on the writ of *habeas corpus* is granted and his discharge directed.