STATE of Wisconsin, Plaintiff-Respondent,

v.

Robert D. BROWN, Defendant-Appellant.†

Court of Appeals

*No. 88-1517-CR. Submitted on briefs March 8, 1989.—Decided
April 20, 1989.*

(Also reported in 443 N.W.2d 19.)

For the defendant-appellant the cause was submitted on the brief of *Robert D. Brown, pro se,* of Fox Lake.

---

† Petition to review denied.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Sharon Ruhly,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

EICH, J. Robert Brown appeals from a judgment convicting him of forgery, party to a crime, in violation of secs. 943.38(2) and 939.05, Stats., and from an order denying his motion for postconviction relief. He challenges only that portion of the judgment stating that his four-year prison sentence is to be consecutive to a sentence he is now serving as the result of revocation of his parole on an earlier conviction.

Brown was convicted and sentenced pursuant to a plea agreement providing for entry of a no contest plea to the forgery charges and a joint recommendation by the prosecution and the defense that the court impose a four-year prison sentence, to run consecutive to the sentence on the earlier conviction. Despite the agreement, he contends that the trial court's failure to make any reference to the consecutive nature of the sentence when it was pronounced from the bench renders it concurrent, rather than consecutive.

While the dangers of omitting the details of a sentence when orally imposing it are readily apparent, and while it is the far better practice to state on the record the concurrent or consecutive nature of the sentence, we do not believe the record in this case requires nullification of the "consecutive term" provisions of the written judgment of conviction. In so holding, we neither approve nor disapprove of the manner in which the trial court accepted the plea and imposed the sentence in this case. The only issue raised on the appeal is whether the sentence is consecutive or concurrent.

The facts are not in dispute. Brown was on parole when he was arrested and charged with the forgery, and the conviction automatically revoked his parole and reinstated his earlier sentence. At the sentencing hearing the prosecutor informed the court that she, defense counsel and the defendant, had reached an agreement that Brown would enter the no contest plea and, further, that:

> [Defense counsel] and I have agreed to jointly request that Mr. Brown's sentence be one of four years in the Wisconsin State Prison System consecutive to the sentence which he is currently on parole for. I assume his parole will be shortly or already has been revoked. He would be entitled to the 14 days' credit for time served from the date of his arrest . . ..

Brown's attorney then stated that he and Brown agreed with the proposal and the court questioned Brown as to his understanding of the nature of the charge, the effect of his plea, and the possible penalties. The court then acknowledged that it had reviewed the "sentencing guidelines" prepared by the prosecutor and proceeded as follows:

> THE COURT: . . . It's my understanding the sentence is four years in the Wisconsin State Prison System with credit for 14 days served. Did I write that down correctly?
>
> MS. SAYLES [the prosecutor]: Yes.
>
> THE COURT: Mr. Lubarsky [defense counsel], that's your understanding?
>
> MR. LUBARSKY: Yes.
>
> THE COURT: Mr. Brown, is that your understanding?
>
> MR. BROWN: Yes, sir.
>
> THE COURT: Is there anything you would like to say today?

MR. BROWN: No, sir.

THE COURT: Okay. The sentence will be then as stated on the record . . ... We are adjourned. Thank you.

The written judgment of conviction and sentence contained the following language: "IT IS ADJUDGED that the defendant . . . was convicted [and] found guilty, and is sentenced to the Wisconsin State Prisons for an indeterminate term of not more than 4 years consecutive to sentence presently serving . . .."

Brown, with new counsel, later moved "to correct the judgment of conviction so as to make the four-year sentence *concurrent with* the sentence the defendant was then serving." (Emphasis in original.) After hearing argument, the trial court denied the motion, stating:

> The transcript is so clear . . ... The District Attorney and Public Defender are agreed it was consecutive, we went through it, I again asked the Public Defender if I had [it] right, Public Defender said "Yes." I don't think any reasonable reading of the transcript as a whole could lead to any conclusion . . . other than the fact the sentence was consecutive and I think you have to read it as a whole.

Nearly seventy years ago the supreme court ruled that "in the absence of . . . judicial declaration in the sentence imposed, where there is a present sentence for another offense of one then actually or constructively serving a former sentence, the two sentences run concurrently." *Application of McDonald,* 178 Wis. 167, 171, 189 N.W. 1029, 1030 (1922). Whatever the vitality of that "rule" today, we believe the opinion has little relevance to the facts of this case.

The *McDonald* court's only reference to the record is a brief statement that "[u]nder the record here the [first] sentence . . . by the very terms of the judicial

sentence itself . . . commenced to run on the day that such sentence was pronounced. The same is true as to the [second] sentence . . .." *Id.,* 178 Wis. at 171, 189 N.W. at 1030. No such statements were made in this case. Further, the *McDonald* opinion is silent as to whether the sentence was oral or simply contained in a written judgment, or if both, whether there was, as here, a conflict between the two. Finally, as we have noted, the prosecutor in this case placed the parties' agreement for a recommended consecutive sentence on the record and the court stated its intention to impose the sentence "stated on the record." There is no indication that anything even remotely similar occurred in *McDonald,* and we do not believe the case compels the result urged by Brown on this appeal.

Brown's primary argument is that, as a matter of law, an oral pronouncement of sentence takes precedence over the written judgment. In so arguing, he places principal reliance on the following statement of the supreme court in *State v. Perry,* 136 Wis. 2d 92, 114, 401 N.W.2d 748, 758 (1987): "where a conflict exists between a court's oral pronouncement of sentence and a written judgment, the oral pronouncement controls." The basis for the court's statement was said to be "[a] substantial number of federal courts of appeals." *Id.* We believe that *Perry* is distinguishable on both the facts and the applicable law.

In *Perry,* the trial court imposed five-year sentences on each of three felony counts, stating in no uncertain terms that they were to be served concurrently with each other. The judgment, however, provided that the sentences on two of the counts, while concurrent with each other, were to be served consecutively to the third. *Id.,* 136 Wis. 2d at 112, 401 N.W.2d at 757. Unlike the situation here, the *Perry* trial court's intention in pro-

nouncing the sentence was not open to doubt, and the supreme court so ruled. *Perry,* then, speaks only to the situation where an unambiguous oral pronouncement conflicts with an equally clear statement of the sentence in the written judgment.

Ambiguity, or the lack of it, is at the heart of the "federal rule" as well. It is not a rule which, as Brown suggests, automatically subordinates the written judgment to the oral pronouncement. It does so only where the oral statement is itself plain and unambiguous and where it conflicts with an equally plain written judgment or commitment. *See, e.g., U.S. v. Villano,* 816 F.2d 1448, 1450–51 (10th Cir. 1987), where the court upheld the established rule that an *unambiguous* oral pronouncement of sentence controls when there is a conflict between it and a written order of commitment.[1]

When the oral pronouncement is ambiguous, however, the result is just the opposite. "When there is an ambiguity in the oral sentencing, as opposed to a conflict between the oral pronouncement and the written judgment, it is proper to look to the written judgment to ascertain the court's intention." *United States v. Purcell,* 715 F.2d 561, 563 (11th Cir. 1983). This, too,

[1] Other cases recognizing the rule include: *United States v. Pagan,* 785 F.2d 378, 380 (2d Cir. 1986), *cert. denied,* 479 U.S. 1017 (1986); *United States v. Moyles,* 724 F.2d 29, 30 (2d Cir. 1983); *Schurmann v. United States,* 658 F.2d 389, 391 (5th Cir. 1981); *United States v. Mason,* 440 F.2d 1293, 1299–1300 (10th Cir. 1971), *cert. denied sub nom. Edwards v. United States,* 404 U.S. 883 (1971); *Scott v. United States,* 434 F.2d 11, 20 (5th Cir. 1970); *Baca v. United States,* 383 F.2d 154, 157 (10th Cir. 1967), *cert. denied,* 390 U.S. 929 (1968); *Payne v. Madigan,* 274 F.2d 702, 704 (9th Cir. 1960), *aff'd by an equally divided court,* 366 U.S. 761 (1961); *Watkins v. Merry,* 106 F.2d 360, 361 (10th Cir. 1939).

appears to be a principle of widespread application in the federal courts.[2]

The intent of the sentencing judge controls the determination of the terms of a sentence, and we look to the record as a whole to determine that intent. *United States v. Purcell,* 715 F.2d at 563. The record in this case—including the prosecutor's statement of the joint sentencing recommendation, the court's remarks that the sentence would be "as stated on the record," and the fact that the sentence as pronounced tracked the recommendation in all respects save the failure to state that it was to be consecutive—satisfies us that the court had decided to impose the recommended consecutive sentence but, for whatever reason, failed to express that decision as plainly as it could have. If the trial court had indicated that it was rejecting the recommended sentence, or stated flatly that the sentence was to be concurrent, there would be a conflict and the oral pronouncement would control. But the court did not do so. Under the circumstances of this case, the most that may be said is that the trial court's omission created an ambiguity in the oral rendition of the sentence, and it is proper to resolve that ambiguity by resort to the record, including the written judgment of conviction and sentence.

*By the Court.*—Judgment and order affirmed.

---

[2] *See, e.g., Villano,* 816 F.2d at 1453; *Pagan,* 785 F.2d at 380; *Moyles,* 724 F.2d at 31; *Scott,* 434 F.2d at 20; *Baca,* 383 F.2d at 157; *Byrd v. United States,* 345 F.2d 481, 483 (10th Cir. 1965) (per curiam); *Payne,* 274 F.2d at 705.