STATE of Wisconsin, Plaintiff-Respondent,

v.

Donald MORRICK, Defendant-Appellant.†

Court of Appeals

*No. 88–0128–CR. Submitted on briefs August 31, 1988.—
Decided October 20, 1988.*

(Also reported in 432 N.W.2d 654.)

For the defendant-appellant the cause was submitted on the briefs of *Ben Kempinen,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Paul Lundsten,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

† Petition to review denied.

EICH, J.   Donald Morrick appeals from an order denying his postconviction motion for sentence credit. While the precise issue is difficult to determine from the briefs, we perceive it to be whether sec. 973.155(1)(a), Stats., which allows sentence credit for time spent in custody "in connection with the course of conduct" underlying the sentence imposed, requires credit for such incarceration when the same time has already been credited to a previously-served sentence. We answer the question in the negative and affirm the order.

The sentence for which Morrick claims credit was imposed on October 12, 1987, when, after revocation of his probation, he was sentenced to sixty days in jail for criminal damage to property. He was initially arrested on the charge on March 5, 1987, and was allowed to sign a signature bond. However, he was on probation from an earlier unspecified conviction at the time and, as often is the case, as a result of the arrest he was detained in jail on a "hold" filed by his probation agent. Thirty-three days later, on April 7, 1987, the earlier probation was revoked and Morrick was sentenced to 100 days in jail. He received a credit on the sentence for the thirty-two day period of his presentence incarceration, and he served the remainder of the sentence to its completion.

Then, on June 25, 1987, Morrick pleaded no contest to the criminal damage to property charge. The court did not sentence him at that time but instead placed him on probation for one year. Several weeks later, on September 17, 1987, Morrick was arrested again—this time for disorderly conduct—and proceedings were instituted to revoke his probation on the criminal damage to property charge. Revocation was accomplished and, on October 12, 1987, he was

sentenced to sixty days in jail. The trial court credited that sentence with twenty-five days, representing the time he had been held in jail since his September 17 arrest. Morrick then moved the court to also allow him credit for an additional thirty-two days, representing his incarceration between March 5 and April 7, 1987—the same time credited to the 100–day jail sentence he received on the earlier, unrelated charge. The trial court denied the motion, and this appeal followed.

Morrick first suggests that our inquiry should be a simple one—that we only need consider whether the trial court, when it sentenced him on October 12, 1987, stated on the record that the sentence was to be served "consecutively" to the unrelated, previously-completed sentence imposed on April 7, 1987. If the court did not so state, Morrick contends that the sentence must be considered to be "concurrent" with the prior sentence and thus properly credited with the same thirty-two days. Morrick bases the argument on a statement in a 1922 case that "in the absence of a statute to the contrary, or judicial declaration in the sentence imposed, where there is a present sentence for another offense of one then actually or constructively serving a former sentence, the two sentences run concurrently." *Application of McDonald,* 178 Wis. 167, 171, 189 N.W. 1029, 1030 (1922). Whatever the vitality of that "rule" today, it is inapplicable here for Morrick was neither "actually [n]or constructively serving a former sentence" on October 12, 1987, the date he was sentenced on the criminal damage to property charge. His 100–day sentence for the earlier offense had long since been completed.

Morrick's next argument is more complex. It proceeds as follows: (1) sec. 973.15(2), Stats., the

general sentencing statute, authorizes trial courts to impose "as many sentences as there are convictions," and to "provide that any such sentence [may] be concurrent with or consecutive to any sentence imposed at the same time or previously"; (2) this statutory language gives sentencing courts only two "options"—to impose a sentence that is either concurrent with a former sentence, or consecutive to it; (3) under sec. 973.15(1), a concurrent sentence commences "at noon on the day of sentence," and a consecutive sentence commences at the expiration of the term it is consecutive to; (4) because his earlier 100–day sentence had been completed several months earlier, the October 12 sentence could not possibly commence at its completion; (5) as a result, the October 12 sentence cannot be considered consecutive to the former sentence and thus must be considered concurrent for sentence credit purposes.

The argument is longer in its exposition than in its resolution. Morrick would have us interpret the October 12, 1987, sentence as concurrent to an independent and unrelated sentence that had been served to completion months before. The argument strains the imagination, but it strains the law even more. There was no sentence in existence on October 12, 1987, with which the sentence imposed on that day could be concurrent; and we decline Morrick's invitation to create an improbable legal fiction in order to allow him a second credit for his thirty-two day incarceration in early 1987.

As we see it, the real crux of Morrick's argument is that, given the state's stipulation that the thirty-two day incarceration was "in connection with" both the earlier 100–day sentence and the October, 1987, sentence—presumably because the probation "hold"

which kept him in jail even though he was released on bond on the criminal damage charge was placed on him because of his arrest on the latter charge—sec. 973.155, Stats., mandates "dual" credit. While we do not here decide the issue stipulated by the state,[1] we accept that stipulation for purposes of this appeal.

Section 973.155, Stats., is modeled after the federal rule, 18 U.S.C. sec. 3568, which contained nearly identical language.[2] Any federal cases interpreting that rule have been described by the Wisconsin Supreme Court as "firm and unanimous that there

[1] Indeed, there is authority for the proposition that even where a probation or parole "hold" is placed on a defendant as a result of his or her arrest for another offense while under supervision, the resulting incarceration is not considered to be "in connection with" the course of conduct leading to the conviction and sentence for the second offense. In *Chaplin v. United States,* 451 F.2d 179 (5th Cir. 1971), *per curiam,* for example, the defendant claimed that because his arrest for a federal offense was the cause of his state parole violation, any time spent in state custody because of the violation and the subsequent revocation proceedings was time spent in custody "in connection with" the offense under 18 U.S.C. sec. 3568. The court disagreed, stating that, "[w]hile the argument has some superficial appeal," it was not consistent with the purposes of the statute: "[Defendant's] state custody was predicated upon his violation of a parole condition, while the federal sentence was imposed for violation of ... federal ... laws. The fact that [his] federal arrest was one reason assigned for revocation of his state parole, does not make sec. 3568 applicable." *Id.* at 181 (footnote omitted).

[2] 18 U.S.C. sec. 3568 has since been amended and renumbered to 18 U.S.C. sec. 3585(b). The rule no longer contains the "in connection with" language, but rather mandates credit for detention time served "as a result of the offense for which the sentence was imposed ...." In addition, the amended rule expressly adopts the holdings in several federal cases, discussed *infra,* interpreting the prior language as disallowing any credit for time credited to another sentence.

shall be no dual credit for the same presentence time served." *State v. Boettcher,* 144 Wis. 2d 86, 95, 423 N.W.2d 533, 537 (1988). Indeed, the *Boettcher* court considered the federal cases "persuasive" authority on the interpretation of sec. 973.155. We believe they dictate the result in this case as well.

In *Wolcott v. Norton,* 365 F. Supp. 138 (D. Conn.), *aff'd* 487 F.2d 513 (2d Cir.), *cert. denied,* 414 U.S. 1114 (1973), the defendant spent time in state custody during the pendency of federal parole violation charges and was given credit for that time against a contemporaneously-imposed state sentence. He later claimed credit for the time against the remainder of his sentence, which he was ordered to serve after revocation of his federal parole. The court rejected the claim, stating that:

> [The defendant] did receive credit for pretrial detention time against his state sentence. What he now seeks is to have his state pretrial detention time credited twice: once against his state sentence and a second time against the balance of his federal sentence. There is no basis for concluding that Congress [in enacting 18 U.S.C. sec. 3568] intended such a result. Other courts faced with this claim have likewise declined to award double credit.

*Id.,* 365 F. Supp. at 140. *See also McIntyre v. United States,* 508 F.2d 403, 404 (8th Cir.), *cert. denied,* 422 U.S. 1010 (1975) ("This Court has held unequivocally that a state prisoner who is also on detainer for federal violations should not receive credit on his federal sentence when he was given credit on the state sentence for the same period of time.").

Morrick claims credit for a period of incarceration which, although conceded by the state to have been "in connection with" the course of conduct for which he was sentenced on October 23, 1987, was also time for which he received day-for-day credit in connection with an earlier sentence. We agree with the *Boettcher* court that sec. 973.155, Stats., requires that "[t]he total time in custody should be credited on a day-for-day basis against the total days imposed in the consecutive sentences." *Boettcher,* 144 Wis. 2d at 100, 423 N.W.2d at 539. And we see no difference in principle between consecutive sentences and the two separate and distinct sentences at issue here with respect to computation of presentence detention credit. Were we to adopt Morrick's position, we would be authorizing double credit for time served in violation of the letter of the federal cases discussed above, and in violation of the spirit, it not the letter, of *Boettcher.* Morrick is entitled to day-for-day credit for the time served, no more and no less; and that is what he received. On the facts of this case, the trial court correctly denied Morrick's request for sentence credit for time previously credited to an unrelated sentence.

*By the Court.*—Order affirmed.