STATE of Wisconsin, Plaintiff-Respondent,

v.

Marvin ROHL, Defendant-Appellant.†

Court of Appeals

*No. 90-0854. Submitted on briefs October 8, 1990.—Decided January 16, 1991.*

(Also reported in 466 N.W.2d 208.)

†Petition to review denied.

On behalf of the defendant-appellant the cause was submitted on the briefs of *James Rebholz,* of Milwaukee.

On behalf of the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general and *Paul Lundsten,* assistant attorney general.

Before Nettesheim, P.J., Brown and Anderson, JJ.

NETTESHEIM, P.J.   Marvin Rohl appeals from an order denying sentence credit against his Wisconsin sentence for presentence confinement related and credited to a California conviction. The California presentence confinement occurred in 1986, 1987 and 1988 while Rohl was awaiting trial on a California charge and also was on parole from the Wisconsin Division of Corrections. We conclude that Rohl's credit request constitutes impermissible double credit against two non-concurrent sentences. We therefore affirm the circuit court's order denying Rohl's sentence credit request.

Rohl was convicted on December 2, 1972 of third-degree murder and arson, contrary to secs. 940.03 and 943.01(1), Stats. (1971–72).[1] He was sentenced to twenty years' imprisonment on the homicide conviction and five years' consecutive imprisonment on the arson conviction. Rohl was released on parole on September 3, 1985, his mandatory release date. By this time, Rohl had accu-

---

[1] The briefs and the record recite that Rohl was charged with arson contrary to sec. 943.01(1), Stats. (1971–72). That statute, however, is entitled "Criminal damage to property." Section 943.02, Stats. (1971–72), addresses arson. The record contains no judgment of conviction, so we are unsure of the precise nature of the charge against Rohl.

mulated thirteen years, one month and twenty-two days of good time available for forfeiture.

In August 1986, the Wisconsin Division of Corrections granted Rohl permission to go to California, where he would continue to be supervised pursuant to an interstate compact. Although Rohl went to California, the transfer of his parole had not yet been accomplished when, on November 24, 1986, he was arrested and jailed on four charges of receipt of stolen property. Based upon the California charges, the Wisconsin Division of Corrections issued a parole violation warrant against Rohl on November 26, 1986.

Rohl was convicted in California on September 15, 1987 and was sentenced on January 28, 1988 to four years' imprisonment. Rohl requested and was granted 431 days' credit against his four-year California prison sentence.[2]

After his release from the California prison system on April 20, 1989, Rohl was returned to Wisconsin on the parole violation warrant and his parole was revoked. On August 7, 1989, a Department of Health and Social Services hearing examiner determined that Rohl should forfeit three years of accumulated good time on the Wisconsin murder and arson sentences. The examiner also ruled that Rohl could not receive credit against these three additional years for the presentence confinement related to the California sentence.

Rohl subsequently filed a motion for sentence credit with the circuit court of Manitowoc county. Rohl sought credit for all time spent in custody in California.[3] The

---

[2]The 431 days of California "presentence" confinement included four days "postsentence" confinement which Rohl spent in the local California jail before he was transported to the California prison facility.

[3]It was not entirely clear from Rohl's appellate brief whether

court denied Rohl's request, reasoning that Rohl's request was one for impermissible double credit. Rohl appeals the circuit court's ruling.

The question before us involves the application of the Wisconsin sentence credit statute, sec. 973.155, Stats. (1987–88),[4] to the particular facts before us. This presents a question of law which this court reviews *de novo. Stoll v. Adriansen,* 122 Wis. 2d 503, 509, 362 N.W.2d 182, 186 (Ct. App. 1984).

It is now well settled that credit for the same course of conduct for which the offender is ultimately sentenced means that credit under sec. 973.155, Stats., is awarded

---

his credit claim was the same as that made in the trial court—for the entire California sentence or the presentence confinement. Rohl's reply brief, however, clarifies that his request is limited to the California presentence confinement.

[4]Section 973.155, Stats. (1987–88), provided in relevant part that:

> (1)(a)  A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed. As used in this subsection, "actual days spent in custody" includes . . . confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs:
> 1.  While the offender is awaiting trial;
> 2.  While the offender is being tried; and
> 3.  While the offender is awaiting imposition of sentence after trial.
> (b)  The categories in par. (a) include custody of the convicted offender which is in whole or in part the result of a probation or parole hold under s. 57.06(3) or 973.10(2) placed upon the person for the same course of conduct as that resulting in the new conviction.

All citations to sec. 973.155 hereinafter refer to the 1987–88 statute.

on a day-for-day basis against the *total days of incarceration* imposed against an offender for sentences which are *consecutive. See State v. Boettcher,* 144 Wis. 2d 86, 100, 423 N.W.2d 533, 539 (1988). This is true whether the offender seeks credit against consecutive sentences both of which have yet to be served or one sentence which already has been served. *See State v. Morrick,* 147 Wis. 2d 185, 186-88, 432 N.W.2d 654, 655-56 (Ct. App. 1988). Furthermore, credit should be applied to the sentence that is first imposed. *Boettcher,* 144 Wis. 2d at 100, 423 N.W.2d at 539. So-called "dual credit"—where an offender can receive credit for a single episode of jail time toward two (or more) sentences—will be granted only for sentences which are *concurrent. See id.*

Thus, the issue presented is whether Rohl's California sentence was "concurrent" with the Wisconsin sentence such that Rohl should have received credit for the California presentence confinement. We do not understand Rohl to say that his California sentence is concurrent with his Wisconsin sentence in a strictly temporal sense. Rohl contends instead that because the California court did not indicate whether its sentence was concurrent with or consecutive to the Wisconsin sentence, such a sentence must be deemed concurrent by operation of law.

Rohl points to *In re McDonald,* 178 Wis. 167, 189 N.W. 1029 (1922), which states that where an offender is actually or constructively serving a sentence for one offense and is then ordered to serve another sentence for a different offense, the second sentence will be deemed to run concurrently with the first sentence in the absence of a statutory or judicial declaration to the contrary. *See id.* at 171, 189 N.W. at 1030. However, this pronouncement must be taken in context. In *McDonald,* the second prison sentence was imposed at a time when the offender

was actually in prison serving the first sentence. *See id.* at 168, 189 N.W. at 1029. Here, Rohl was not actually in Wisconsin prison custody serving a Wisconsin prison sentence when he was sentenced in California.

We deem *Morrick* as supportive of our holding, although that case is somewhat different on its facts. After being placed on probation, Morrick was arrested for a new offense and permitted to sign a signature bond. However, he was not released because a probation "hold" was filed by his probation officer. Morrick's probation was revoked, he was sentenced and received credit for the thirty-two days the "hold" was in effect. When Morrick later was sentenced on the new charge, he requested credit for the same thirty-two days. The trial court denied the request.

The court of appeals affirmed the trial court's ruling denying Morrick credit on the second sentence because the same credit had already been granted against the first sentence. The court first questioned the continued vitality of the *McDonald* "rule" that all sentences are concurrent unless a statute or judicial declaration states otherwise.[5] More importantly, the court of appeals stated that credit was not appropriate because "Morrick was neither 'actually [n]or constructively serving a former sentence' on . . . the date he was sentenced . . .. His . . . sentence for the earlier offense had long since been completed." *Morrick,* 147 Wis. 2d at 187, 432 N.W.2d at 656.

Here also Rohl was not actually serving the Wisconsin sentence when he was sentenced in California. Nor, despite the impreciseness of the word, do we deem that

---

[5]This statement was presumably made in light of the many recent decisions in the area of sentence credit—a concept not known to the law in 1922.

he was "constructively" serving the Wisconsin sentence at that time. Rohl's sentence of confinement was conditionally completed when he was paroled. The prospect of Rohl serving any further Wisconsin prison sentence at the time of the California sentence was speculative.[6]

The critical flaw in Rohl's reasoning is that he would have us label the California court sentence as one running concurrent with a sentence which Rohl might have to resume serving in the future. We doubt that a trial court has the authority to presume the resumption of a sentence suspended due to parole where the parole has not been revoked. At the time the California court sentenced Rohl, there simply was no other custodial sentence to which the California sentence could be, or could be presumed to be, concurrent.

Accordingly, we conclude that Rohl's Wisconsin and California sentences were independent of one another and that the *Boettcher* prohibition against double sentence credit controls.[7]

*By the Court.*—Order affirmed.

---

[6] A parole revocation warrant does not mean that parole necessarily will be revoked. *See State v. Boettcher,* 138 Wis. 2d 292, 297, 405 N.W.2d 767, 769 (Ct. App. 1987), *reversed on other grounds,* 144 Wis. 2d 86, 423 N.W.2d 533 (1988).

[7] Rohl also argues that the denial of his credit request is a denial of his constitutional due process and equal protection rights. Consideration of constitutional issues raised for the first time on appeal is discretionary with the reviewing court. *State v. Yellow Freight Sys., Inc.,* 101 Wis. 2d 142, 158, 303 N.W.2d 834, 842 (1981). We need not entertain them absent a compelling reason to do so. *Id.* None is presented here.