STATE of Wisconsin, Plaintiff-Respondent,

v.

Paul L. WOLFE, Defendant-Appellant.

Court of Appeals

*No. 00–1466–CR. Submitted on briefs January 26, 2001.—Decided February 28, 2001.*

2001 WI App 66

(Also reported in 625 N.W.2d 655.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Gary Seeling* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Marguerite M. Moeller,* assistant attorney general, and *James E. Doyle,* attorney general.

Before Brown, P.J., Anderson and Snyder, JJ.

¶ 1. BROWN, P.J. Paul L. Wolfe appeals from an order of the trial court arguing that a sentencing judgment wrongly applied sentence credit to a stayed consecutive sentence rather than the sentence for which he was incarcerated. The basic question before us is whether a court, in a multiple count conviction

where one sentence is imposed and another stayed, must apply sentence credit to the conviction of the first imposed sentence. We hold that it must under the rule of *State v. Boettcher*, 144 Wis. 2d 86, 100, 423 N.W.2d 533 (1988), and *State v. Rohl*, 160 Wis. 2d 325, 330, 466 N.W.2d 208 (Ct. App. 1991).

¶ 2.    Wolfe pled guilty to burglary and possession of burglarious tools as a repeater. Wolfe could have received a total of eighteen years in prison: ten years for burglary and eight years (two plus six for the repeater) for the possession charge. Because Wolfe was unable to make bail, he was in custody until sentencing for a total of 331 days. On October 22, 1999, the trial court sentenced Wolfe to the maximum ten years on the first count and to a consecutive six years on the second count (which the court incorrectly believed to be the maximum). The court then stayed the latter sentence and placed Wolfe on probation for four years. The court acknowledged that Wolfe was entitled to 331 days of credit for time he had spent in custody prior to sentencing. However, instead of applying the credit to Wolfe's ten-year sentence, the trial court applied it to the offense for which he had placed Wolfe on probation.

¶ 3.    Six months after sentencing, Wolfe filed a motion to modify his sentence, arguing that the trial court should have applied the 331 days of credit against the ten-year sentence for burglary, rather than against the imposed and stayed consecutive six-year sentence which he might never serve. The trial court denied the motion. On appeal, we note that the State concedes error and asserts that the holdings of *Boettcher* and *Rohl* govern this case. We agree and accept the concession. We further agree that the holding of the trial court runs afoul of the rule in *Struzik v. State*, 90 Wis. 2d 357, 279 N.W.2d 922 (1979).

¶ 4. The question before us involves the application of the Wisconsin sentence credit statute, WIS. STAT. § 973.155 (1999–2000),[1] to the particular facts before us. This presents a question of law which this court reviews de novo. *Rohl*, 160 Wis. 2d at 329.

¶ 5. A line of cases applying WIS. STAT. § 973.155 has clearly established that in awarding dual credit for consecutive sentences based on the same course of conduct, credit should be allocated to the sentence first imposed. *Boettcher*, 144 Wis. 2d at 100 ("[C]ustody credits should be applied in a mathematically linear fashion . . . on a day-for-day basis . . . to the sentence that is first imposed."); *Rohl*, 160 Wis. 2d at 330. The trial court declined to follow these cases, finding them

---

[1] Wisconsin Statute § 973.155(1) (1999–2000) provides as follows:

**973.155 Sentence credit.** **(1)** (a) A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed. As used in this subsection, "actual days spent in custody" includes, without limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs:
1. While the offender is awaiting trial;
2. While the offender is being tried; and
3. While the offender is awaiting imposition of sentence after trial.
(b) The categories in par. (a) include custody of the convicted offender which is in whole or in part the result of a probation, extended supervision or parole hold under s. 304.06(3) or 973.10(2) placed upon the person for the same course of conduct as that resulting in the new conviction.

All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

to be factually distinguishable because neither one involved an imposed and stayed consecutive sentence. The State surmises that it is possible that the trial court interpreted the volume of the Wisconsin Judicial Benchbook on criminal proceedings, which cites *Wilson v. State*, 82 Wis. 2d 657, 264 N.W.2d 234 (1978), as permitting this result. We clarify that the rule enunciated in *Boettcher* and *Rohl* applies to these facts, and that the result obtained by the trial court is impermissible under *Struzik*.

¶ 6.   In *Struzik*, the trial court determined that Struzik was entitled to fourteen days of credit and then sentenced him to five years and fourteen days, effectively nullifying the sentence credit he had received. On appeal, the supreme court found this improper, stating: "This technique subverts the constitutional right of a convicted prisoner to have time previously served (in circumstances where the time should be credited) applied toward the reduction of an appropriate sentence. This procedure is a clear abuse of discretion." *Struzik*, 90 Wis. 2d at 367–68.

¶ 7.   Here, the trial court clearly expressed its intention to make Wolfe serve the maximum amount of time possible on his burglary sentence. To ensure this result, the trial court applied the 331 days of credit to which Wolfe was entitled to the imposed and stayed sentence. If Wolfe successfully completes his probation on the second count, the benefit of the credit will never have accrued to him. Since the possible effect of this action would be to nullify the 331 days of credit, we view this result as a "clear abuse of discretion" under *Struzik*.

¶ 8. We further instruct that the Judicial Benchbook, and its citation to the *Wilson* case,[2] should not be construed to allow allocation of sentence credit to the second imposed sentence. To the extent that *Wilson* suggests the trial court can choose which of two consecutive sentences will receive credit, we hold that *Boettcher*—at least *sub silentio*—overruled the language in *Wilson* which indicates that the trial court has a choice in the matter.

¶ 9. We reverse the trial court's order denying Wolfe's motion for sentence modification and direct the trial court to amend the judgment of conviction to provide for 331 days of sentence credit against Wolfe's burglary conviction.

*By the Court.*—Judgment and order reversed and cause remanded with directions.

---

[2] The Wisconsin Judicial Benchbook provides that "[i]f sentences consecutive, Def[endant is] to receive credit on only one sentence or the other." 1 WISCONSIN JUDICIAL BENCHBOOK CR–15 (2000). The authority cited is *Wilson v. State*, 82 Wis. 2d 657, 667, 264 N.W.2d 234 (1978) (holding where consecutive sentences are imposed, credit against only one of them satisfies equal protection concerns with respect to defendants who make bail and those who do not).