STATE of Wisconsin, Plaintiff-Respondent,

v.

Kevin BROWN, Defendant-Appellant.

Court of Appeals

*No. 2005AP361. Submitted on briefs February 7, 2006.
—Decided February 14, 2006.*

2006 WI App 41

(Also reported in 711 N.W.2d 708.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Richard D. Martin*, assistant state public defender, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Eileen W. Pray*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Curley, JJ.

¶ 1. CURLEY, J. Kevin Brown appeals the order denying his motion seeking immediate release from custody from a four-year sentence which went into effect after the revocation of his probation in 1995.

Brown claims that pursuant to WIS. STAT. § 973.15(5) (2003–04),[1] his state sentence should be credited with the time he served on two later federal sentences. We agree and remand to the trial court for Brown's immediate release, as Brown's federal sentences were longer in length than his state sentence.[2]

## I. BACKGROUND.

¶ 2. In March 1990, Brown was charged with possession of a controlled substance with intent to deliver, contrary to WIS. STAT. §§ 161.16(2)(b)1. and 161.41(1m)(c)3. (1987–88). In January 1992, pursuant to plea negotiations, Brown pled guilty to possession of a controlled substance with intent to deliver, but with a reduced maximum penalty of not more than five years of incarceration, and a fine of not less than $1,000, but not more than $100,000. A presentence investigation was ordered and on March 18, 1992, Brown was sentenced to four years of incarceration. However, this sentence was stayed and he was placed on probation for four years with various conditions, including serving nine months in the House of Correction with work release privileges. The work release privileges were later cancelled after Brown committed several violations at the House of Correction. Ultimately, Brown completed his sentence and he was placed on probation.

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

[2] Our order assumes that Brown has completed his federal sentence and is currently being held only on the shorter state sentence. While the parties seem to agree about the underlying facts, no criminal complaint could be found in the record, and no official documents could be found to establish exactly when Brown completed his federal sentence and began serving his state sentence.

¶ 3. Brown's probation was revoked on July 17, 1995, for numerous violations and he was ordered to serve his sentence at the Dodge Correctional Institution. Although Brown was ordered to be sent to Dodge Correctional Institution to serve his sentence, he apparently never arrived there, as he was turned over to federal authorities and was convicted of two federal drug dealing charges on November 3, 1995. On these federal charges, Brown was originally sentenced to two 235–month periods of incarceration, to be served concurrently. At some point, Brown's sentence was reduced to two sentences of 130 months, to be served concurrently, due to information he provided to the federal authorities. Brown was incarcerated and remained in the federal prison system until he completed his federal sentence, and he was then transferred to state authorities sometime in 2004.

¶ 4. For much of the time Brown was serving his federal sentence, he believed that he was receiving credit towards his state sentence because no Wisconsin detainer request was ever filed until six years later, on April 5, 2001, despite inquiring letters sent to the Wisconsin authorities. After being notified of the detainer, Brown, acting *pro se,* wrote to the Department of Corrections seeking credit towards his Wisconsin sentence for the time he spent in federal custody. He was advised that he would not receive any credit because the federal sentence was for "a separate offense not connected to [his] Wisconsin sentence." The letter explaining the Department's reasoning cited Wis. Stat. § 973.155 as authority for its position.

¶ 5. After Brown was unable to administratively secure a credit towards his state sentence, he filed a series of motions in the trial court seeking to obtain credit on his state sentence for the time he served in federal custody. In July 2001, he wrote to the trial court

requesting a modification of his sentence. His motion was denied. In its order denying his motion, the trial court wrote that no new factor had been presented and noted that, at the time of sentencing, the trial court intended that there be a separate punishment for his earlier offense, as the trial court ordered the sentence to be served consecutively to any other sentences.[3] In February 2003, acting *pro se,* Brown filed a motion seeking sentencing credit. On February 27, 2003, this motion was also denied, perhaps because Brown never argued the existence of Wis. Stat. § 973.15(5). The trial court, citing Wis. Stat. § 973.155, found that:

> Although revocation in the Wisconsin case was triggered by the defendant's arrest in the federal matter, the defendant's incarceration on the federal sentence was for a separate offense unrelated to the Wisconsin sentence. The defendant is not entitled to credit in the Wisconsin case for time spent in federal custody.

¶ 6. Concerning his claim that his transfer to the federal prison system before service of his earlier state sentence was erroneous, the trial court remarked that "[these] are matters with which the court does not become involved. He is obliged to address these matters to the Department of Corrections." Brown attempted to appeal the trial court's ruling, but his appeal was dismissed for failure to pay the filing fee while Brown was attempting to secure appellate counsel.[4]

---

[3] It is apparent from a reading of the order that the trial court thought it had made the state sentence consecutive to the federal sentences. This was impossible, as the federal convictions did not occur until years later. *See also* Wis. Stat. § 973.15(2)(a).

[4] This court later extended the deadline to permit Brown to appeal the February 27, 2003, order. Instead, Brown elected to file a motion in the trial court seeking his immediate release.

¶ 7. On December 13, 2004, Brown, now acting through appointed counsel, filed a WIS. STAT. § 974.06 motion asking for his immediate release from custody. The trial court again denied the motion, believing both that the previous trial court's order denying the motion was "the law of the case," and that Brown had abandoned his appeal of the earlier order denying his motion, therefore waiving his right to have the matter heard. The trial court also suggested to Brown that relief could be obtained only from the Department of Corrections. This appeal follows.

## II. ANALYSIS.

¶ 8. Brown submits that the trial court erred in denying his motion because the trial court incorrectly determined both that the prior trial court's decision denying his request for sentence credit was the "law of the case," and in concluding that Brown waived this issue because the prior appeal was dismissed. The State counters that Brown is not entitled to be released because WIS. STAT. § 973.10(2)(b) states that a probationer's stayed sentence does not begin until the probationer enters prison. The State concedes the existence of WIS. STAT. § 973.15(5), but maintains a prisoner is eligible for this set-off only when the offender is in prison, and Brown never entered a Wisconsin prison. Further, the State argues that WIS. STAT. § 973.155(1) does not permit Brown to receive credit towards the prior Wisconsin sentence for the federal sentences because he was not sentenced "in connection with the course of conduct for which sentence was imposed."[5] We disagree.

---

[5] The State's argument is somewhat confusing. At one point in the briefs, the State writes that "the time that Brown wants credited to his imposed and stayed sentence has already been

¶ 9. We review questions of statutory interpretation de novo. *State v. Setagord*, 211 Wis. 2d 397, 405–06, 565 N.W.2d 506 (1997). In *State v. Peters*, 2003 WI 88, ¶ 14, 263 Wis. 2d 475, 665 N.W.2d 171, the supreme court explained the following rule of statutory interpretation: "If the language of a statute is clear on its face, we need not look any further than the statutory text to determine the statute's meaning." *See Bruno v. Milwaukee County*, 2003 WI 28, ¶¶ 18–22, 260 Wis. 2d 633, 660 N.W.2d 656. "When a statute unambiguously expresses the intent of the legislature, we apply that meaning without resorting to extrinsic sources" of legislative intent. *State ex rel. Cramer v. Wisconsin Ct. App.*, 2000 WI 86, ¶ 18, 236 Wis. 2d 473, 613 N.W.2d 591. "Statutory language is given its common, ordinary and accepted meaning." *Peters*, 263 Wis. 2d 475, ¶ 14.

¶ 10. We first examine the trial court's reliance on the earlier order and its determination that it was "the law of the case." Citing *Univest Corp. v. General Split Corp.*, 148 Wis. 2d 29, 38, 435 N.W.2d 234 (1989), Brown argues:

> The law of the case doctrine is inapplicable. It is a "longstanding rule that a decision on a legal issue by an appellate court establishes the law of the case, which

credited to his federal sentence," and later writes, "Here, Brown's requested time has already been credited to his previous unrelated sentence." If what the State is suggesting is that the federal courts gave Brown credit for the previous state sentence, no proof of that could be located in the record. On the contrary, it is clear that Brown's federal sentences were reduced because of the valuable information he provided federal authorities.

must be followed in all subsequent proceedings in the trial court or on later appeal."

We agree. There is no "law of the case" to this legal dispute. Next, we also conclude, contrary to the trial court's belief, that Brown did not waive his right to have this matter heard when his appeal was dismissed for failure to pay the filing fee. As noted, Brown's right to appeal the 2003 order was extended once the proper documentation made its way to this court. Rather than pursue the appeal of the 2003 order, Brown elected to file a motion seeking his release. Thus, no waiver occurred.

¶ 11. Addressing the issue of sentencing credit, unlike the State, we do not find either WIS. STAT. §§ 973.10(2)(b) or 973.155 dispositive. Whether Brown entered a Wisconsin prison before starting his federal sentences, or whether his federal sentences "were in connection with the course of conduct for which sentence was imposed" is not the correct test. The question to be answered is whether Brown falls within the ambit of WIS. STAT. § 973.15(5), which is the specific statute governing this case. We conclude that he does. Section 973.15(5) reads: "A convicted offender who is made available to another jurisdiction under ch. 976 or in any other lawful manner shall be credited with service of his or her Wisconsin sentence or commitment under the terms of s. 973.155 for the duration of custody in the other jurisdiction." Here, there can be no argument that Brown was a "convicted offender" at the time the State made him available to the federal courts.[6] Indeed, he

---

[6] The State's position, that Brown must have physically crossed the threshold of Dodge Correctional Institute in order to be eligible for sentencing credit under WIS. STAT. § 973.15(5),

had been convicted several years earlier, and when released to the federal authorities, his probation had been revoked and he was ordered to serve a four-year sentence. Little is known from the record about the procedure that led to Brown's being made available to federal authorities, or why he was not returned to Wisconsin authorities to begin his earlier sentence, except that Brown was arrested by City of Milwaukee police officers on the new charges. Therefore, § 973.15(5) dictates that Brown be given sentencing credit for the "duration of custody in the other jurisdiction."[7] The statute is clear and unambiguous. Accordingly, Brown is entitled to have his state sentence credited for the time he was serving the federal sentences. Because the federal sentences were longer in duration than the state sentence, Brown is entitled to

---

is not only harsh and unjust, as Brown had no control over where he was housed, but, more importantly, is a total misreading of the statute, which merely requires that the person be "[a] convicted offender who is made available to another jurisdiction." There is no requirement in the statute that the person must have entered the state prison in order to trigger his or her entitlement to credit under § 973.15(5).

[7] An alternate reason why Brown is entitled to sentencing credit is the wording of the order revoking his probation. The administrative law judge pronounced that:

> It is ordered that the probation of Kevin Brown be revoked, and that he be credited with jail time for 33 days pursuant to court order, from March 25, 1992, to October 22, 1992 (served as a condition of probation), and from April 19, 1995, *until his receipt at the institution.*

(Emphasis added.) According to the order, Brown was to be given sentencing credit from April 19, 1995, until his receipt at the institution. As a result, all of the time he served on his federal sentences would fall within the sentencing credit time frame.

831

be immediately released. Accordingly, the order of the circuit court is reversed and this cause is remanded for Brown to be given credit under § 973.15(5).

*By the Court.*—Order reversed and cause remanded.