STATE of Wisconsin, Plaintiff-Respondent,

v.

Esteban MARTINEZ, Defendant-Appellant.

Court of Appeals

*No. 2006AP2883–CR, 2006AP2884–CR. Submitted on briefs August 14, 2007.—Decided September 26, 2007.*

2007 WI App 225

(Also reported in 741 N.W.2d 280.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *George A. Limbeck* of *Limbeck Law Office*, Sheboygan.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William C. Wolford*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

¶ 1. ANDERSON, P.J.  Esteban Martinez appeals from an order denying his postconviction motion for discharge from sentence pursuant to WIS. STAT. § 974.06 (2005–06)[1]. He argues WIS. STAT. § 973.15(5) entitles him to sentence credit on his Wisconsin convictions for his time spent serving his sentence on his United States convictions. We do not agree and affirm the circuit court.

¶ 2. **Facts**. The facts are not in dispute. On August 4, 1993, Martinez was sentenced in Sheboygan County Circuit Court in Case Nos. 1992CF307 and 1993CF240 to a sentence totaling fourteen years for possession with intent to deliver with enhancer, contrary to WIS. STAT. §§ 161.41(1m)(h)2. and 161.49(2)(a) (1993–94), for a "no tax stamp" violation, contrary to WIS. STAT. § 139.95(2), and for bail jumping, contrary to WIS. STAT. § 946.49(1)(b). On January 31, 2001, Martinez was sentenced in United States District Court for the

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

Eastern District of Wisconsin in Case No. 99–CR-203–1 to concurrent terms on three counts of drug-related crimes.[2] His federal sentence totaled eighty-four months and was consecutive to the state sentence. In February 2001, the federal government filed a detainer with Dodge Correctional Institution based on the federal convictions. On June 4, 2001, Martinez was paroled on his state sentences directly to the federal government.[3]

¶ 3.   After approximately four years and eight months of federal incarceration, Martinez was released by federal authorities on February 13, 2006, to state authorities to serve the remainder of his state-ordered parole.

¶ 4.   Three months later, on May 14, 2006, Martinez was picked up and incarcerated for violating his parole.[4]

¶ 5.   In October 2006, Martinez filed a motion for discharge from sentence pursuant to Wis. Stat. § 974.06.[5] He argued that under Wis. Stat. § 973.15(5)

[2] We take judicial notice of documents contained in the respondent's appendix which are related to Martinez's federal convictions and the detainer filed involving them.

[3] The face sheet read that Martinez was on "parole" and listed his address as only "FEDERAL DETAINER."

[4] Martinez was incarcerated on May 14, 2006, based on a revocation hearing request issued by the Department of Corrections (DOC). Martinez represents that the DOC revocation petition was subsequently granted after a hearing held on October 12, 2006, and not appealed, resulting in Martinez earning credit against the sentence in question from that date forward. This information is not in dispute and, though not found in the record, is in Martinez's brief to this court.

[5] He also filed a motion to vacate Count 2 in Case No. 1992CF307 because it was decided under a law later determined

he must be given credit toward his state sentence for the time served under federal jurisdiction. After a hearing on October 10, 2006, the circuit court denied Martinez's motion. Martinez appeals.

¶ 6.   **Relevant Statutes**.

WISCONSIN STAT. § 973.15 **Sentence, terms, escapes.**

**(5)** A convicted offender who is made available to another jurisdiction under ch. 976 or in any other lawful manner shall be credited with service of his or her Wisconsin sentence or commitment under the terms of s. 973.155 for the duration of custody in the other jurisdiction.

WISCONSIN STAT. § 973.155 **Sentence credit.**

**(1)** (a) A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed. As used in this subsection, "actual days spent in custody" includes, without limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs:

1. While the offender is awaiting trial;

2. While the offender is being tried; and

3. While the offender is awaiting imposition of sentence after trial.

(b) The categories in par. (a) and sub. (1m) include custody of the convicted offender which is in whole or in

to be unconstitutional. The State did not contest the motion to vacate and the trial court dismissed Count 2, vacated the judgment as to this charge and thereby amended the original judgment of conviction accordingly.

part the result of a probation, extended supervision or parole hold under s. 302.113(8m), 302.114(8m), 304.06(3), or 973.10(2) placed upon the person for the same course of conduct as that resulting in the new conviction.

**(1m)** A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody as part of a substance abuse treatment program that meets the requirements of s. 16.964(12)(c), as determined by the office of justice assistance under s. 16.964(12)(i) for any offense arising out of the course of conduct that led to the person's placement in that program.

**(2)** After the imposition of sentence, the court shall make and enter a specific finding of the number of days for which sentence credit is to be granted, which finding shall be included in the judgment of conviction. In the case of revocation of probation, extended supervision or parole, the department, if the hearing is waived, or the division of hearings and appeals in the department of administration, in the case of a hearing, shall make such a finding, which shall be included in the revocation order.

**(3)** The credit provided in sub. (1) or (1m) shall be computed as if the convicted offender had served such time in the institution to which he or she has been sentenced.

**(4)** The credit provided in sub. (1) shall include earned good time for those inmates subject to s. 302.43, 303.07 (3) or 303.19 (3) serving sentences of one year or less and confined in a county jail, house of correction or county reforestation camp.

**(5)** If this section has not been applied at sentencing to any person who is in custody or to any person who is on probation, extended supervision or parole,

the person may petition the department to be given credit under this section. Upon proper verification of the facts alleged in the petition, this section shall be applied retroactively to the person. If the department is unable to determine whether credit should be given, or otherwise refuses to award retroactive credit, the person may petition the sentencing court for relief. This subsection applies to any person, regardless of the date he or she was sentenced.

(6) A defendant aggrieved by a determination by a court under this section may appeal in accordance with s. 809.30.

■

¶ 7. **Standard of Review**. The question before us involves the application of WIS. STAT. §§ 973.15(5) and 973.155. The application of a statute to undisputed facts presents a question of law which we review de novo. *State v. Beiersdorf,* 208 Wis. 2d 492, 496, 561 N.W.2d 749 (Ct. App. 1997).

¶ 8. **Discussion**. Martinez argues that the circuit court erroneously exercised its discretion by applying WIS. STAT. § 973.155 rather than WIS. STAT. § 973.15(5). For the reasons discussed below, we disagree and hold that § 973.15(5) does not apply to the facts of Martinez's case and that the circuit court was correct in applying § 973.155 and adhering to the reasoning of *State v. Rohl,* 160 Wis. 2d 325, 466 N.W.2d 208 (Ct. App. 1991).

¶ 9. Martinez contends that he is entitled to sentence credit against his Wisconsin sentences for the time he spent in the custody of the United States from June 4, 2001, until February 13, 2006. He relies on *State v. Brown,* 2006 WI App 41, 289 Wis. 2d 823, 711 N.W.2d 708, for his contention that WIS. STAT. § 973.15(5) is the controlling statute and dictates that he is entitled to sentence credit.

¶ 10. Brown was charged with drug crimes in March 1990. *Brown*, 289 Wis. 2d 823, ¶ 2. In March 1992, Brown was sentenced and, after completing his incarceration time, he was placed on probation. *Id.* In July 1995, Brown's probation was revoked for numerous violations and he was ordered to serve his sentence at Dodge Correctional Institution. *Id.*, ¶ 3. Although Brown was ordered to be sent to the correctional institution to serve his state sentence, he apparently never arrived there, as he was turned over to federal authorities because of the existence of federal drug dealing charges against him, charges he was convicted of in November 1995. *Id.* Brown was then incarcerated by the U.S. authorities and remained in the federal prison system until he completed his federal sentence. *Id.* He was then transferred to state authorities for incarceration sometime in 2004. *Id.*

¶ 11. Brown filed a series of motions in the circuit court seeking to obtain credit on his state sentence for the time he served in federal custody. Relying on Wis. Stat. § 973.155, the circuit court did not grant Brown's request. *Brown*, 289 Wis. 2d 823, ¶ 5. On appeal, this court reversed the order of the circuit court. *Id.*, ¶ 11. We relied on Wis. Stat. § 973.15(5) and held that Brown was entitled to have his state sentence credited for the time he was serving the federal sentences and to immediate release. *Brown*, 289 Wis. 2d 823, ¶ 11.

¶ 12. Martinez contends that, like Brown, he is entitled to have his state sentence credited for the time he served in federal custody. He further contends that if he is entitled to that credit, he should have been discharged from the Wisconsin sentences in April 2005. So discharged, he would no longer have been a state parolee and, thus, could not have violated the rules of

759

parole in May 2006 since his state-sentenced parole time would have expired while he was in federal custody.

¶ 13.  We do not agree with Martinez's reliance on *Brown*, which we deem distinguishable from the facts of his case. Unlike Brown, Martinez's parole had not been revoked when he was released to the federal authorities on a federal detainer. Whether Martinez would be subject to state incarceration again was purely speculative because that is the nature of parole:    follow the rules and you will not go back to prison; break the rules and you will. Whether he would be put into state custody again was not known at the time he served his federal sentence. In contrast to Martinez, at the time Brown was released to the federal authorities his probation had already been revoked and he had been ordered to serve a four-year sentence of incarceration. *See id.*

¶ 14.  We agree with the circuit court's determination that Martinez's situation is more like that of the defendant in *Rohl*. *See Rohl*, 160 Wis. 2d 325. Rohl was a Wisconsin parolee in August 1986 when the Department of Corrections (DOC) granted him permission to go to California, where he would continue to be supervised pursuant to an interstate compact. *Id.* at 328. In November 1986, before the transfer of his parole had been accomplished, Rohl was arrested and jailed in California on four charges of receipt of stolen property. *Id.* Based upon the California charges, the Wisconsin DOC issued a parole violation warrant against Rohl. *Id.* Rohl was convicted in California in September 1987 and was sentenced in January 1988 to four years' imprisonment. *Id.* Rohl requested and was granted credit against his four-year California prison sentence for the

number of days he had already spent in California's prison since his November 1986 arrest. *Id.*

¶ 15.  After his release from the California prison system in April 1989, Rohl was returned to Wisconsin on the parole violation warrant and his parole was revoked. *Id.* In August 1989, a Department of Health and Social Services hearing examiner determined that Rohl should forfeit three years of accumulated good time on the Wisconsin sentences. *Id.* The examiner also ruled that Rohl could not receive credit against these three additional years for the presentence confinement related to the California sentence. *Id.*

¶ 16.  Rohl subsequently filed a motion for sentence credit. *Id.* Rohl sought credit for all time spent in custody in California. *Id* The circuit court denied Rohl's request. *See Rohl,* 160 Wis. 2d at 329. We affirmed the circuit court concluding that under WIS. STAT. § 973.155, Rohl's credit request could not be granted because it would constitute impermissible double credit against two nonconcurrent sentences. *Rohl,* 160 Wis. 2d at 327–29. We reasoned that Rohl's sentence of confinement was conditionally completed when he was paroled. *Id.* at 332. We found it highly relevant that "[t]he prospect of Rohl serving any further Wisconsin prison sentence at the time of the California sentence was speculative." *Id.* We reasoned that the "critical flaw" in Rohl's logic was that he wanted us to label the California court sentence as one running concurrent with a sentence which he "might have to resume serving in the future." *Id.* We expressed our doubt that a trial court has the authority to presume the resumption of a sentence suspended due to parole where the parole has not been revoked. *Id.* At the time the California court sentenced Rohl, there simply was no other custodial

sentence to which the California sentence could be, or could be presumed to be, concurrent. *Id.*

¶ 17. Here, as in *Rohl*, the critical flaw in Martinez's reasoning is that he wants us to label the federal sentence as one running concurrent with a sentence Martinez *might* have to resume serving in the future. *See id.* Martinez's Wisconsin sentence of confinement was conditionally completed when he was paroled by Wisconsin authorities. *See id.* Martinez wants us to interpret WIS. STAT. § 973.15(5) as entitling him to sentence credit for a sentence which was purely speculative at the time he served his federal sentence. To adopt this interpretation would be absurd. *See State v. Williams*, 198 Wis. 2d 516, 532, 544 N.W.2d 406 (1996) ("A statute should be construed so as to avoid absurd results."). Because the application of credit under § 973.15(5) is mandatory (i.e., "shall be credited"), Martinez's interpretation would dictate that the trial court must presume the resumption of a sentence suspended due to parole where the parole has not been revoked. *See Rohl*, 160 Wis. 2d. at 332. We rejected this result in *Rohl*; we reject it here.

¶ 18. Like Rohl, at the time Martinez was serving his federal sentence, he did not have a custodial sentence to which the federal sentence could be, or could be presumed to be, concurrent. *See id.* The prospect of Martinez serving any further Wisconsin prison sentence at the time of the United States sentence was *speculative. See id.* WISCONSIN STAT. § 973.15(5) does not apply to Martinez's situation. We affirm the circuit court's conclusion that under WIS. STAT. § 973.155 and the teaching of *Rohl*, Martinez's credit request cannot be granted because it would constitute impermissible double credit against two nonconcurrent sentences.

*By the Court.*—Order affirmed.

¶ 19. NETTESHEIM, J. (*concurring*). I agree with the majority opinion that Martinez is not entitled to credit against his Wisconsin sentence for the time he served on his federal sentence. I also agree with the majority that this case is governed by *State v. Rohl*, 160 Wis. 2d 325, 466 N.W.2d 208 (Ct. App. 1991), not *State v. Brown*, 2006 WI App 41, 289 Wis. 2d 823, 711 N.W.2d 708. However, I disagree with the majority's attempt to distinguish this case from *Brown*. Instead, I would hold that Brown was incorrectly decided and, as a result, *Rohl* is the controlling law on the question.

¶ 20. The majority says that this is not a *Brown* case because, although Brown's Wisconsin probation had been revoked, he was turned over to the federal authorities to serve his federal sentence before commencing his Wisconsin sentence, whereas Martinez was already serving his Wisconsin sentence and then paroled directly to the federal authorities. Majority, ¶ 13. Because it was "purely speculative" whether Martinez would ever be called upon to serve the remainder of his sentence, the majority concludes that this is not a *Brown* case. Majority, ¶ 13.

¶ 21. I appreciate the majority's distinction between the two cases, but I fail to grasp why this has any bearing on the question of sentence credit. The inescapable fact is that both Brown and Martinez were subject to Wisconsin prison sentences (contingent or actual) when they were turned over to the federal authorities to serve their federal sentences. *Brown* clearly holds that Wis. Stat. § 973.15(5) is the more specific statute and controls over Wis. Stat. § 973.155, resulting in an award of sentence credit. *Brown*, 289 Wis. 2d 823, ¶ 11.

763

¶ 22. I would hold that *Brown* was incorrectly decided. The debate in *Brown* as to which statute was more specific was a false issue because WIS. STAT. § 973.15(5) expressly references *WIS. STAT. § 973.155.* Section 973.15(5) says, in relevant part, that when a convicted offender is made available to another jurisdiction, the offender "shall be credited with service of his or her Wisconsin sentence . . . *under the terms of s. 973.155* . . . ." (Emphasis added.) And § 973.155(1)(a), in turn, says that such credit is limited to "all days spent in custody in connection with the course of conduct for which sentence was imposed." Thus, the two statutes stand comfortably alongside each other. Section 973.15(5) allows for sentence credit when the offender is turned over to another jurisdiction to serve a sentence there, but § 973.155(1)(a) limits that credit when the latter sentence is linked to the course of conduct that produced the Wisconsin sentence. The *Brown* court should have applied the clear language of the two complementary statutes instead of erecting a barrier between the two and deciding which one prevailed.

¶ 23. *Brown* also falters on another front by failing to discuss *Rohl*, an earlier case relevant to the issue in *Brown*. As the majority correctly holds, this case is akin to *Rohl* because a grant of sentence credit to Martinez would constitute impermissible double credit against two nonconcurrent sentences. Majority, ¶ 18. *See also State v. Boettcher*, 144 Wis. 2d 86, 93–96, 423 N.W.2d 533 (1988), and *Rohl*, 160 Wis. 2d at 327. *Brown* was wrongly decided because it conferred dual credit contrary to WIS. STAT. § 973.155(1)(a) and *Rohl*. Where two court of appeals decisions conflict, the first decision governs. *State v. Swiams*, 2004 WI App 217, ¶ 23, 277 Wis. 2d 400, 690 N.W.2d 452. Moreover, the award of

dual credit in *Brown* conflicts with *Boettcher*, a prior supreme court decision that clearly controls.

¶ 24.   On this different basis, I concur with the majority's holding denying Martinez's request for sentence credit.